FRANCISCO GUERRA AND ALFREDO PEREZ V. THE STATE.

No. 20594. Delivered November 22, 1939.
On Motion to Reinstate Appeal December 20, 1939.

The opinion states the case.

*R. B. Rentfro, Jr.,* of Brownsville, for defendant Guerra.

*A. Hernandez,* of Brownsville, for defendant Perez.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This record is before us containing no showing in the minutes of the lower court of a sentence having been pronounced, nor any notice of appeal having been given herein.

The jurisdiction of this court has therefore not attached. See Branch's Penal Code, p. 302, Sec. 588.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

This cause has been heretofore dismissed by this court because of the fact that no sentence appeared in the record. It now appears that the minutes of the court below contain a proper sentence, but the clerk through inadvertence failed to incorporate the same in the record, and that a supplemental transcript presented to us shows a proper sentence. The judgment of dismissal is set aside, and we proceed to consider the same upon its merits.

The appellants both pleaded guilty before the court to the theft of a horse, and were both given a sentence of five years in the penitentiary.

There are no bills of exception in the record. However there is much complaint of the fact that these appellants were promised a suspended sentence, in the event of a plea of guilty, by some of the officers of the court, not including the judge. This contention, however, is not borne out by the record presented to this court. The facts are very meager, and had there been any objection made to the major portion thereof they would doubtless have been excluded; but unfortunately for appellants, through their attorneys, in open court they admitted all the allegations contained in the indictment, and thus made a judicial confession of their guilt in the joint theft of a horse. This confession alone would be a sufficient basis for the upholding of a verdict of guilt. See 18 Tex. Jur. 183.

It is also worthy of note that each appellant took the witness stand and implicated not only himself but also each other in this offense.

Under the record as presented to us we have no other recourse than to affirm this judgment, which is accordingly done.