**Kelly Lee DINNERY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61650.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 10, 1979.

On Rehearing Jan. 23, 1980.

Paul W. Leech, Grand Prairie, for appellant.

Henry M. Wade, Dist. Atty., Stanley E. Keeton, J. T. Langford and Will Wilson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This appeal follows an August 11, 1978 revocation of appellant's probation in which the trial court imposed a five year sentence for the offense of burglary by committing theft pursuant to V.T.C.A. Penal Code, § 30.02(a)(3).[1]

---

1. Section 30.02, V.T.C.A. Penal Code provides in relevant part:

(a) *A person commits an offense if, without the effective consent of the owner, he*:

By his sole ground of error, appellant claims that at the time of the entry of his guilty plea and the trial court's suspension of his sentence on April 3, 1975, the only evidence introduced by the State was appellant's written stipulation which confessed his entry to the habitation *with the intent to commit theft.* See n. 1, supra. Appellant contends that "under the doctrine announced in *Whitlow v. State,* 567 S.W.2d 522 (Tex.Cr.App.1978),[2] this conviction cannot stand." The State retorts that appellant's argument is, in effect, a collateral attack on the sufficiency of the evidence to support the original conviction, and as such, may not be considered by this Court at this time.

It has been considered well settled by this Court that the sufficiency of the evidence to support a conviction may not be attacked by petition for writ of habeas corpus or otherwise collaterally,[3] so long as the guilty plea is entered voluntarily and the accused is represented by counsel. *Ex parte Dantzler,* 571 S.W.2d 536 (Tex.Cr.App.1978); *Ex parte Taylor,* 480 S.W.2d 692 (Tex.Cr.App. 1972). See also generally *Sosa v. United States,* 550 F.2d 244 (5 Cir. 1977). How-ever, in *Ex parte Moffett,* 542 S.W.2d 184 (Tex.Cr.App.1976), this Court determined that upon a showing that there is *no* evidence on which his conviction could be based, a habeas petitioner has shown a violation of his right to due process of law, and such abridgment will justify a collateral attack on that conviction. See also *Ex parte Murchison,* 560 S.W.2d 654 (Tex.Cr. App.1978).

The claim before us brought under the procedural facts of this case constitutes a collateral attack, e. g., *Wolfe v. State,* 560 S.W.2d 686 (Tex.Cr.App.1978); we therefore must determine as a threshold issue whether all the evidence on which the trial court based his judgment that appellant was guilty of "burglary of a habitation as charged in the indictment," is before this Court. We find that all of the evidence, including a transcription of the court reporter's notes of the guilty plea hearing, is before us, and we therefore are in a position to consider appellant's "no evidence"[4] claim at this time. Compare *Wolfe,* supra.

Omitting the formal portions, the indictment returned against appellant in the in-

---

(1) enters a habitation . . . with intent to commit . . . theft; or

     ⁎     ⁎     ⁎     ⁎     ⁎     ⁎

(3) *enters a . . . habitation and commits . . . theft.*

     ⁎     ⁎     ⁎     ⁎     ⁎     ⁎

(d) An offense under this section is a felony of the first degree if:

(1) the premises are a habitation; . . .
(Emphasis throughout this opinion is supplied by the writer unless otherwise indicated.)

2. *Whitlow,* supra, holds that the trial court commits fundamental error in authorizing the jury to convict an accused of burglary where the jury charge authorizes conviction if the entry was made *with the intent to commit theft* while the indictment alleges that the defendant entered and then *committed theft.* See also *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App. 1978).

3. We say that this rule "has been" considered well settled because it has recently been called into question by the United States Supreme Court's disposition of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). However, because of our disposition of the instant case, the effect, if any, of *Jackson v. Virginia,* supra, on this Court's traditional

treatment of such claims, is left for another day.

4. Further support for our treatment of this cause is found in *Reid v. State,* 560 S.W.2d 99 (Tex.Cr.App.1978). In *Reid,* direct appeal was taken from a conviction, upon a guilty plea to the court, for robbery by causing bodily injury. It was held that the *only* evidence admitted in support of the guilty plea was the accused's written stipulation confessing to robbery by threatening and placing the complainant in fear of imminent bodily injury and death.

While the holding of *Reid* is that because "there was *no proof* that, during the robbery, appellant . . . caused bodily injury to the complainant, the evidence was *insufficient* to sustain a conviction for robbery . . . as alleged in the instant indictment," a review of the original record on appeal reveals that Reid's appellate counsel filed a brief in this Court pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying that the appeal was frivolous and wholly without merit.

Notwithstanding the deletion of this procedural fact in the published opinion, it may be concluded that the error in *Reid* was considered to be, and treated as, fundamental error calculated to prejudice the accused, and therefore, a denial of due process of law.

stant case alleges that on or about January 31, 1975, appellant did unlawfully,

> without the effective consent of Mrs. Robert E. Kimbrel . . . enter a habitation owned by . . . Complainant, and did then and there *commit theft*, to-wit: . . . unlawfully exercise control over personal property of Complainant, . . . without the effective consent of . . . Complainant, and with intent to deprive the said owner of [the] property.

In a single document, appellant executed his waiver of jury, agreement to stipulate,[5] application for probation, waiver of delay in sentencing and waiver of appeal[6] dated March 28, 1975.[7] The written stipulation recites:

> I do judicially confess that on the 31 day of January, 1975 in Dallas County, Texas, I did *with the intent to commit theft*, enter a habitation which was not open to the public, without the effective consent of Robert E. Kimbrel,[8] the owner, *as charged as in the indictment.*

The statement of facts reveals that at the April 3rd hearing, the trial judge admonished appellant of the consequences of his plea and the range of punishment and concluded:

> The Court will accept your plea, if you make it, and find you guilty on your plea if the evidence proves you guilty beyond a reasonable doubt.

Appellant waived arraignment and informed the court that appellant's true name was as that alleged in the indictment.

The State then offered "the confession of the defendant, which is signed in open court and approved by his lawyer," without objection:

> THE COURT: Mr. Dinnery, they have offered into evidence, which means they want me to consider as evidence, this confession made by you this *judicial confession*. Did you sign this confession?
>
> THE DEFENDANT: Yes sir.

     \*     \*     \*     \*     \*     \*

---

5. Article 1.15, V.A.C.C.P. provides:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, *upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14*; provided, however, that *it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant* and *said evidence shall be* accepted by the court as *the basis for its judgment* and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. *The evidence may be stipulated if the defendant* in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further *consents* either *to* an oral stipulation of the evidence and testimony or to *the introduction of testimony by affidavits, written statements* of witnesses, *and any other documentary evidence in support of the judgment* of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

6. This waiver of appeal is void on its face, *Ex parte Townsend*, 538 S.W.2d 419 (Tex.Cr.App. 1976), but nevertheless reflects that appellant's failure to take a direct appeal from his original

conviction was not a "tactical maneuver" or a "deliberate bypass." See *Sosa v. United States*, supra.

7. The jurat on this document reflects that it was subscribed and sworn by appellant on March 28, 1975 but this date was marked out and (in a different handwriting) an interlineation was made reflecting: "the 3 [sic] day of April," the date of the judgment.

The trial judge's "approval" of appellant's waiver of jury, agreement to stipulate, waiver of confrontation and judicial confession occurred simultaneously with the court's grant of appellant's motion for probation as reflected by a single signature.

The trial court's failure to "approve" and "consent" to appellant's waiver of trial by jury, "file it in the papers of the cause *before* the defendant enter[ed] his plea" and "enter [it] of record on the minutes of the court" was in clear violation of Articles 1.13 and 1.15, V.A.C.P. However, it has been held that such irregularities are not subject to collateral attack, and are therefore, not before us. Compare *Owens v. State*, 540 S.W.2d 324 (Tex.Cr.App. 1976), with *Rodriguez v. State*, 534 S.W.2d 335 (Tex.Cr.App.1976).

8. The indictment alleged the owner as *Mrs.* Robert E. Kimbrel.

THE COURT: And *are the facts contained therein true and correct?*

THE DEFENDANT: *Yes sir.*

THE COURT: And you want me to consider this as evidence?

THE DEFENDANT: Yes sir.

THE COURT: In other words, *what I will be doing is finding you guilty and sentencing you based upon your own confession.*

THE DEFENDANT: Yes sir.

THE COURT: State's Exhibit Number 1 is admitted.

[PROSECUTOR]: State rests.

The defendant was then sworn in his own behalf and his attorney, on affirmation that appellant was the same person charged by indictment, inquired:

Q: You've gone over that *indictment* with me, have you not?

A: Yes, sir.

Q: We have read it?

A: Yes, sir.

Q: *And is it true and correct?*

A: *Yes, sir.*

Q: And how do you wish to plead to that indictment?

A: Guilty.

Q: Are you pleading guilty because you are guilty and for no other reason?

A: Yes, sir.

Q: Has anybody promised you anything, threatened you or forced you, or coerced you in an effort to induce you to plead guilty this morning?

A: No, sir.

Q: So, again, you're saying you're doing that of your own free will and accord?

A: Yes, sir.

Counsel then went over appellant's waiver of all his rights and proceeded:

Okay. Now, prior to coming to Court today, we went over what the State has introduced . . . as State's Exhibit Number 1, is that correct?

A: Yes, sir.

Q: And you signed that, is that correct?

A: Yes, sir.

Q: And that, as I told you, is a *judicial confession?*

A: Yes, sir.

Q: And did you sign that freely and voluntarily?

A: Yes, sir.

Q: And *is it true and correct?*

A: *Yes, sir.*

\* \* \* \* \* \*

THE COURT: Mr. Dinnery, have you understood everything that has gone on here?

THE DEFENDANT: Yes, sir.

The court accepted appellant's plea, assessed his punishment and suspended his sentence.

In *Potts v. State,* 571 S.W.2d 180 (Tex.Cr. App.1978) this Court was confronted with that appellant's two written stipulations concerning commission of two thefts; each stipulation omitted an essential element charged in the indictments: that the property was "taken without the owner's effective consent." The only testimony adduced was the defendant's statement that the contents of the confessions were "substantially true and correct." This Court held that this constituted sufficient proof of the indictment allegations, the determining factor being the stipulations' incorporation by reference of the indictment with use of the phrase, ". . . as charged in the indictment," citing *Adam v. State,*[9] 490 S.W.2d 189 (Tex.Cr.App.1973); and *Miles v. State,*[10] 486 S.W.2d 326 (Tex.Cr.App.1972).

**9.** According to the opinion in *Potts,* supra, the stipulation in *Adam,* supra, contained a recitation "that all the acts and allegations in said indictment . . . charging the offense of [sale of heroin] are true and correct."

**10.** The *Potts* opinion cites *Miles,* supra, as authority because in that stipulation it was averred that "[a]ll the acts and allegations in said indictment charging the offense of Passing as True a Forged Instrument are true and correct . . . ."

The instant case, however, presents a significantly disparate situation because, unlike *Potts, Adam* or *Miles,* supra, the stipulations in which *omitted* indictment recitations, the stipulation here is on its face *inconsistent* with the indictment allegations. The instant stipulation's incorporation by reference of a wholly inconsistent indictment recitation renders that stipulation a nullity; it therefore cannot support a conviction based on that indictment. Cf. *Franco v. State,* 552 S.W.2d 142 (Tex.Cr. App.1977).

Finally, the only other part of the record which might be argued as constituting "any" evidence of appellant's guilt as alleged in the indictment, is appellant's affirmative answer to his counsel's query: "and is [the indictment] true and correct." The testimony of appellant, particularly when read in context and as a whole, was clearly "not a judicial confession,[11] [but was in reply to] merely an additional admonishment by [defense] counsel." *Drain v. State,* 465 S.W.2d 939, 940 (Tex.Cr.App.1971). It

11. The situation presented by this case has caused concern for the accuracy, as well as the desirability, of the law which has developed the constituents of a "judicial confession" which will "alone" support a conviction. The first case we find holding that a "catch-all" stipulation (that the "defendant is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment . . . are true and correct") is "sufficient to *constitute* a *judicial confession* which will *alone* support a conviction," is *Adam,* supra, at 190.

Cited in support of such a conclusion are *Miles,* supra; *Edwards v. State,* 463 S.W.2d 733 (Tex.Cr.App.1971) and *McNeese v. State,* 468 S.W.2d 801 (Tex.Cr.App.1971). In *Miles,* the conviction was *also* supported by affidavits from witnesses. In *Edwards* the defendant's stipulation was of detailed testimony which would be given by witnesses if called. In *McNeese,* there were *also* detailed affidavits of witnesses, plus one by the defendant in which each element of the offense was detailed. None of these convictions was supported "alone" by the accused's "catch-all" stipulation. Even in *Adam,* the conclusion that the "catch-all" stipulation was alone sufficient, is apparently dicta in view of the fact that "statements and reports admitted into evidence clearly presented all the requisite elements of the offense charged." *Id.* at 190.

therefore will not support the judgment of conviction before us.

We hold that for lack of any evidence to support appellant's conviction, the judgment declaring that conviction is reversed, and this cause is ordered remanded to the trial court with instructions for the entry of a judgment of acquittal.

DOUGLAS, Judge, dissenting.

The majority takes the view that an intent to commit theft is inconsistent with the commission of theft. Based upon this novel idea, the majority finds the written stipulation of appellant to have been rendered a nullity.

The stipulation recites:

"I do judicially confess that on the 31 day of January, 1975 in Dallas County, Texas, I did with the intent to commit theft, enter a habitation which was not open to the public, without the effective consent of Robert E. Kimbrel, the owner, *as charged in the indictment.*" (Emphasis supplied)

The facts of this case further call into question the precedential value of cases which conclude that the evidentiary sufficiency is being provided by a "judicial confession," a "judicial confession" which is not recited in the opinion.

Is the intent of Article 1.15 [see n. 5, supra] advanced when we hold that a "yes, sir" by the defendant to the question "was each and every allegation contained in the indictment true and correct?", constitutes the "necessary . . . evidence [to be introduced by the State] showing the guilt of the. defendant?"

The statute prohibits conviction "upon [the defendant's] plea without sufficient evidence to support the same" and yet this Court has more "evidence" before it when a defendant enters a plea of guilty upon the complete reading of the indictment than we do when a defendant merely affirms that "each and every allegation of the indictment is true." If we decline to delineate the requisites of a "judicial confession" (which by definition will support a conviction) and correlate those requisites to the adequacy of the conviction's evidentiary support, we are compelled to review claims such as the instant one, on the basis of the record as a whole, on a case-by-case basis, as has been done here. The record in this case reveals on its face that neither the plea of guilty, nor the affirmation that "[the indictment] is true" could have been made knowingly, or intelligently.

Common sense should tell us that entering a habitation intending to commit theft, as stipulated by appellant, does not preclude carrying out the theft, as charged in the indictment. In *Potts v. State,* 571 S.W.2d 180 (Tex.Cr.App.1978), this Court upheld a conviction based upon a written stipulation which failed to recite an essential element of the crime charged in the indictment. The crime was theft; the judicial admission failed to state that the property was "taken without the owner's effective consent." The stipulation in the present case recites that the appellant entered a habitation not open to the public without the effective consent of the owner *as charged in the indictment.* This Court should follow *Potts* and find the stipulation sufficient to support a plea of guilty.

But even if we consider the written stipulation a nullity, appellant's oral judicial confession is sufficient to support the finding of guilt. *Henderson v. State,* 519 S.W.2d 654 (Tex.Cr.App.1975). In open court, appellant's own counsel elicited the following testimony:

"Q. *You've gone over that indictment with me, have you not?*

"A. *Yes, sir.*

"Q. *We have read it?*

"A. *Yes, sir.*

"Q. *And is it true and correct?*

"A. *Yes, sir.*

"Q. And how do you wish to plead to that indictment?

"A. Guilty.

"Q. Are you pleading guilty because you are guilty and for no other reason?

"A. Yes, sir.

"Q. Has anybody promised you anything, threatened you or forced you, or coerced you in an effort to induce you to plead guilty this morning?

"A. No, sir.

1. Drain's testimony was as follows:
   "Q. Your name is Dyon Weslie Drain?
   "A. Yes, sir.
   "Q. And you heard me make several waivers for you, and did I have the right to make those waivers for you?

"Q. So, again, you're saying you're doing that of your own free will and accord?

"A. Yes, sir.

" * * *

"THE COURT: Mr. Dinnery, have you understood everything that has gone on here?

"DEFENDANT: Yes, sir." (Emphasis supplied)

The majority cites *Drain v. State,* 465 S.W.2d 939 (Tex.Cr.App.1971), to support its contention that this testimony was "merely an additional admonishment by [defense] counsel." But the defendant in *Drain* never testified to having read the indictment nor to having knowledge of its contents.[1] In the instant case, appellant testified that he had not only read the indictment but also had gone over it with his counsel. Appellant further testified that the indictment was true and correct. Nothing in that testimony is contradicted by appellant's written stipulation. The trial court heard sufficient evidence to support appellant's plea of guilty.

The judgment should be affirmed.

Before the court en banc.

### OPINION ON REHEARING ON COURT'S OWN MOTION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On April 3, 1975, appellant entered a guilty plea in a bench trial to burglary of a habitation by entering and committing theft, and the court assessed punishment at five (5) years' imprisonment, but suspended the imposition of the sentence and placed the appellant on probation. No appeal was taken.

On August 11, 1978, appellant's probation was revoked after it was shown that, commencing with the month after he was

"A. Yes, sir.
"Q. And are you guilty of this charge and are you pleading guilty because you are guilty and for no other reason?
"A. Yes, sir."

placed on probation, he failed to report to his probation officer for three years and moved to Canada without permission, etc., all in violation of his probationary conditions. Sentence was imposed and notice of appeal was given.

On appeal, although this is an appeal from an order revoking probation, appellant does not contend that the court abused its discretion in revoking probation. In fact, appellant entered a plea of "true" to the allegations in the revocation motion.

Appellant's sole contention on appeal is that he was charged with burglary of a habitation by entering and thereafter committing theft, V.T.C.A., Penal Code, § 30.-02(a)(3), and that the evidence offered to support his guilty plea (Article 1.15, V.A.C.C.P.), was that he entered the habitation *with intent to commit theft*, a different kind of burglary, V.T.C.A., Penal Code, § 30.02(a)(1), than that charged in the indictment. At least the majority of the panel that reversed on original submission so viewed appellant's contention.

Appellant's brief simply states: "In his sole ground of error, defendant contends that under the doctrine announced in *Whitlow* (*Whitlow v. State*, Tex.Cr.App.), 567 S.W.2d 522 this conviction cannot stand . . . ." No references are made to the record, no argument is advanced, and no other authorities for this proposition are cited.

*Whitlow* held that where the defendant was charged by indictment with burglary by entering and committing theft and the court in its charge authorizes the jury to convict upon a different theory—entry *with intent to commit theft* —there is fundamental error. *Whitlow* did not involve a revocation of probation or a guilty plea, but the majority of the panel on original submission assumed that while appellant is not attacking the revocation of probation on appeal he is collaterally attacking the evidence to support the underlying conviction by the *Whitlow* citation. Said majority recognized that on appeal from an order revoking probation a collateral attack on the sufficiency of the evidence to support the underlying convic-

tion is not normally permitted. The majority, bypassing for the moment the impact of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and seizing upon *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr.App.1976), holding that where there is *no* evidence on which the conviction could be based, a collateral attack is permissible, held the collateral attack here involved should be permitted.

This court has long held that in an appeal from an order revoking probation the review by this court is limited to the propriety of the revocation itself (whether the trial judge abused his discretion) and does not include a review of the original conviction. *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr.App.1967), and cases there cited. *Thomas v. State*, 571 S.W.2d 17 (Tex.Cr.App.1978); *Burrell v. State*, 492 S.W.2d 482 (Tex.Cr.App.1973). For example, in the past it has been held that the sufficiency of the evidence to support the original conviction could not be collaterally attacked on an appeal from an order revoking probation. See, e. g., *Chavez v. State*, 375 S.W.2d 729 (Tex.Cr.App.1964); *Patterson v. State*, 487 S.W.2d 736 (Tex.Cr.App.1972). In *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App.1972), however, this court wrote:

"Ordinarily, collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown that under the decisions of the United States Supreme Court the appellant was denied the right to counsel [at time of original conviction]. To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing. See *Smith v. State*, 486 S.W.2d 374 (1972)."

Since the time of *Ramirez* it has been held that on an appeal from a revocation order an original conviction may be collaterally attacked and the judgment set aside if fundamental error was committed. *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976). This exception to the general rule on appellate review of appeals from revocation orders has been most frequently used where

the indictment upon which the original conviction is based is fundamentally defective. See *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975); *Huggins v. State*, supra; *Bailey v. State*, 559 S.W.2d 957 (Tex.Cr.App.1978); *Traylor v. State*, 561 S.W.2d 492 (Tex.Cr.App.1978); *Morgan v. State*, 571 S.W.2d 333 (Tex.Cr.App.1978).[1]

In addition to *Chavez* and *Patterson* cited above, and quite aside from appeals from revocation orders, it has been well settled that the sufficiency of the evidence may not be collaterally attacked. *Ex parte Dantzler*, 571 S.W.2d 536 (Tex.Cr.App.1978); *Owens v. State*, 540 S.W.2d 324 (Tex.Cr.App.1976); *Gaines v. State*, 501 S.W.2d 315 (Tex.Cr.App.1973).[2] In *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr.App.1976), an exception was created to the foregoing rule. In *Moffett* we allowed a defendant, by habeas corpus proceedings, to collaterally attack an order revoking the defendant's probation where the revocation order was based on *no* evidence. We there held that since there was no evidence, not merely insufficient evidence, to support the order revoking probation, the defendant's right to due process had been violated and that the violation of a defendant's right to due process justified collateral attack by habeas corpus.

Considering as did the majority of the panel on original submission, that appellant's contention is that there is *no* evidence to support his conviction on the original or underlying charge in the appeal from a revocation order, we shall examine the record before us.

The indictment charged the appellant with burglary of a habitation by entering and thereafter committing theft (V.T.C.A., Penal Code, § 30.02(a)(3)). On April 3, 1975, the appellant, represented by appointed counsel, entered a plea of guilty before the court to said indictment and was carefully admonished by the court in accordance with Article 26.13, V.A.C.C.P. Part of the colloquy between the court and appellant reflects the following:

"THE COURT: . . . Do you understand what you're charged with?

"THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

"THE COURT: And are you guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you pleading guilty because you are guilty and for no other reason?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you pleading guilty freely and voluntarily?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that by pleading guilty, you're confessing your guilt?

"THE DEFENDANT: Yes, sir.

\* \* \* "

■ A plea of guilty is an admission of guilt of the offense charged, but it does not authorize a conviction in a bench trial upon such plea unless there is evidence offered to support such plea and the judgment to be entered. Article 1.15, V.A.C.C.P.; *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942); *Edwards v. State*, 463 S.W.2d 733 (Tex.Cr.App.1971); *Hoskins v. State*, supra.

Therefore, we look to see what evidence was offered. The State offered into evidence the following written stipulation:

"I do judicially confess that on the 31 day of January, 1975, in Dallas County, Texas, I did *with the intent to commit theft*, enter a habitation which was not open to the public, without the effective consent of Robert E. Kimbrel, the owner, as charged in the indictment." (Emphasis supplied.)

The stipulation was sworn to by the appellant and introduced into evidence. This stipulation or written "judicial confession" was on a printed form (Burglary—Habitation 1D) with blanks only for the date and

---

1. It also has been applied where there was a failure to comply with the requirements of Article 26.13, V.A.C.C.P., in accepting a guilty plea at the time of original conviction. *Perkins v. State*, 504 S.W.2d 458 (Tex.Cr.App.1974).

2. We need not determine in this appeal the impact of *Jackson v. Virginia*, supra, on this established rule.

the name of the "owner" to be filled in. It was part and parcel of a form entitled "Waiver of Jury—Agreement to Stipulate—Application for Probation—." It is obvious the form was drafted to be used in guilty pleas to burglary by entering a habitation with intent to commit theft rather than burglary by entering a habitation and thereafter committing theft. To add to the confusion, the name of the "owner" was written in on the form as "Robert E. Kimbrel" whereas the indictment alleged "Mrs. Robert E. Kimbrel" as the complaining witness.

If this written "judicial confession" was the only evidence in the record, we would have to conclude that the evidence was insufficient to sustain a conviction for burglary by entering a habitation and thereafter committing theft and to meet the requirements of Article 1.15, V.A.C.C.P. See *Reid v. State*, 560 S.W.2d 99 (Tex.Cr.App. 1978).

While some of the elements of the offense charged are supported by this written "judicial confession,"[3] we put them aside for the purpose of the discussion and turn to see if there is other evidence independent thereof which will support the plea of guilty.

The record reflects that after the introduction of the above described written "judicial confession" appellant took the witness stand and under oath the following occurred on direct examination by his counsel:

"Q You have gone over that indictment with me, have you not?

"A Yes, sir.

"Q We have read it?

"A Yes, sir.

"Q And is it true and correct?

"A Yes, sir.

"Q And how do you wish to plead to that indictment?

"A Guilty.

"Q Are you pleading guilty because you are guilty and for no other reason?

"A Yes, sir.

"Q Has anybody promised you anything, threatened you or forced you, or coerced you in an effort to induce you to plead guilty this morning?

"A No, sir.

"Q So, again, you're saying you're doing that of your own free will and accord?

"A Yes, sir."[4]

It has been said that judicial confessions are confessions made in a legal proceeding, such as a confession made to an examining court before the trial or a confession made in open court during the course of the trial. 24 Tex.Jur.2d, Evidence, § 647; *Speer v. State*, 4 Tex.App. 474, 479 (1878); *Fancher v. State*, 167 Tex.Cr.R. 269, 319 S.W.2d 707, 708 (1958). In *Harper v. State*, 148 Tex. Cr.R. 354, 187 S.W.2d 570 (1945), it was held that the testimony of a defendant admitting guilty participation in a crime charged constituted a judicial confession of his guilt by which he is bound. See and cf. *Ex parte Keener*, 166 Tex.Cr.R. 326, 314 S.W.2d 93 (1958). Further, it is established that the rule requiring corroboration of extrajudicial confessions does not apply to a judicial confession made in the course of a judicial proceeding while testifying as a witness. *Fancher v. State*, supra; *Martin v. State*, 109 Tex.Cr.R. 101, 3 S.W.2d 90 (1927).

The above described testimony by the appellant that he had read the indictment and that it was "true and correct" was tantamount to a statement that all the allegations of the indictment were true and correct and was a judicial confession that he was a guilty participant in the offense charged. See and cf. *Henderson v. State*, 519 S.W.2d 654, 655 (Tex.Cr.App.1975).

---

3. The fact that a defendant is shown to have entered a habitation with intent to commit theft is not inconsistent with a charge that he entered a habitation and thereafter committed theft.

4. Amazingly enough, when the appellant was passed for cross-examination after the above interrogation, the prosecutor stated, "No questions."

In *Rodriguez v. State*, 375 S.W.2d 289 (Tex.Cr.App.1964), the defendant on appeal claimed the evidence offered to support his guilty plea to assault with intent to murder with malice was insufficient, and at the most, could only sustain a conviction for assault with intent to murder without malice. In *Rodriguez* this court said:

> "By his own sworn testimony, appellant admitted that the allegations of the indictment of assault with intent to murder with malice aforethought, were true and correct. This was a judicial admission by him that the assault to murder was with malice."

While there was other evidence to support the fact that the offense was committed with malice, it is important to note that his statement under oath as to the allegations of the indictment were characterized as and held to constitute a judicial admission.

In *Wiley v. State*, 486 S.W.2d 769 (Tex. Cr.App.1972), a defendant's answer, "Yes, sir" when he was asked whether allegations in a felony theft indictment were true, was held sufficient to constitute a judicial admission that he had committed the theft alleged. See and cf. *Sweeten v. State*, 479 S.W.2d 297 (Tex.Cr.App.1972).

In *Cooper v. State*, 573 S.W.2d 533, 535 (Tex.Cr.App.1978), the written judicial confession contained an impossible date as it recited the offense occurred on June 24, 1977 and the indictment was shown to have

been returned on January 27, 1977. There this court wrote:

> "It is true that this written judicial confession cannot support the guilty plea. When appellant took the stand and testified, however, he stated that he was pleading guilty just as he was charged in the indictment, and that he was saying he was guilty regardless of what punishment the court would assess. We consider this was a sufficient judicial confession to support the plea under Art. 1.15, supra. Cf. *Potts v. State*, Tex.Cr.App., 571 S.W.2d 180, and authorities cited there."

Likewise in the instant case, appellant's testimony upon interrogation by his own counsel,[5] while not in the most desirable form of a judicial confession, was nevertheless a judicial admission [6] that the indictment was "true and correct."[7]

It is well settled that a judicial confession, *standing alone*, is sufficient to sustain a conviction upon a guilty plea, *Cevalles v. State*, 513 S.W.2d 865 (Tex.Cr.App. 1974); *Battiste v. State*, 485 S.W.2d 781 (Tex.Cr.App.1972), and to satisfy the requirements of Article 1.15, V.A.C.C.P., *Bishop v. State*, 507 S.W.2d 745 (Tex.Cr.App. 1974); *Knight v. State*, 481 S.W.2d 143 (Tex.Cr.App.1972); *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978).

In *Sexton v. State*, 476 S.W.2d 320 (Tex. Cr.App.1972), the claim on direct appeal was that the stipulations were insufficient to support the guilty pleas because they

---

5. The mere fact that a judicial confession is elicited from a defendant during interrogation by his own counsel attempting to establish the voluntariness of a guilty plea and to protect himself from future claims of ineffective assistance of counsel does not prevent the testimony from being considered for what it was.

6. The majority panel opinion held that appellant's statement about the indictment being "true and correct" was not a judicial confession and just part of an additional admonishment by his own counsel, citing *Drain v. State*, 465 S.W.2d 939 (Tex.Cr.App.1971). *Drain* is clearly distinguishable on its facts as noted by the original dissenting opinion. *Drain* never testified to having read the indictment, etc., nor was he ever asked if the indictment or its allegations were true and correct.

7. Most attorneys think of a "judicial confession" as being a detailed interrogation of the defendant, usually on cross-examination, with the indictment being used as a guide, where the defendant admits to each element of the offense during the course of his testimony. This may well be the better practice and most desirable way to elicit a judicial confession. We cannot say that when the indictment is read to the defendant on the witness stand and he states the allegations therein are true and correct the interrogation does not constitute a judicial confession. Also, where the record shows the indictment was read to the defendant or that he knows or understands the contents and he admits the allegations are true and correct, such is a judicial confession.

were oral rather than in writing as then required by Article 1.15, V.A.C.C.P. There this court wrote:

"While the stipulations were oral we observe that the appellant was sworn and made a judicial confession. *Corroboration is not required of such a judicial confession and it alone is sufficient to sustain a conviction. Alvarez v. State,* 374 S.W.2d 890 (Tex.Cr.App.1964), and cases there cited. See also *Sprinkle v. State,* 456 S.W.2d 387 (Tex.Cr.App.1970); *Vasquez v. State,* 477 S.W.2d 629 [Tex.Cr.App.1972]. It is true that appellant was not as thoroughly interrogated as he might have been, but he clearly admitted that all the allegations in both indictments were true and correct. This constituted a judicial admission of the offenses charged. *Rodriguez v. State,* 375 S.W.2d 289 (Tex.Cr.App.1964)." (Emphasis supplied.) See also *Knight v. State,* supra.

In *Henderson v. State,* 519 S.W.2d 654, 655 (Tex.Cr.App.1975), this court stated:

"Likewise, we reject appellant's contention that the evidence is insufficient to support the conviction. Appellant testified that all the allegations in the indictment were true and correct. This judicial confession, *standing alone,* was sufficient to support the guilty plea. See *Battiste v. State,* 485 S.W.2d 781 (Tex.Cr.App. 1972)." (Emphasis supplied.)

The dissenting opinion on the State's motion for rehearing seemingly says that the above cases do not mean what they say because in those cases there was other evidence to support the guilty plea and to justify the conclusion reached. We disagree. It should be remembered that a judicial confession does not require corroboration, and the cases cited did not hold that a judicial confession, standing alone, is sufficient to sustain the guilty plea provided

there is other evidence in the record to also support the conviction. The dissent misreads these cases.

We conclude that appellant's judicial confession, standing alone, is sufficient to support his guilty plea. There is no merit to the contention on appeal from a revocation of probation order that there was *no* evidence to support the original or underlying conviction.

The court's motion is granted, the judgment of reversal is set aside, and the judgment is now affirmed.

CLINTON, Judge, dissenting.

Remaining convinced of the soundness of my treatment of this cause on original submission, I take this opportunity only to identify some of the more presumptuous assertions expressed by the majority on rehearing, as well as to re-emphasize crucial portions of the instant proceeding which, through disregard, the majority has apparently deemed inconsequential.

The sole ground of error raised herein is recited verbatim in the opinion on original submission. While a bare assertion that "under the doctrine announced in *Whitlow v. State,* 567 S.W.2d 522 (Tex.Cr.App.1978), *this conviction cannot stand,*"[1] may be characterized as "general," "vague" and "technically defective," this Court, upon consideration of such assertion, is able to identify and understand the point of objection; thus our treatment of this imperfect ground of error is required by operation of pertinent portions of Article 40.09, §§ 9 and 13, V.A.C.C.P.[2] Far from "seizing upon *Ex parte Moffett . . .*" as indicted by the majority en banc, this writer surely did no more through the original disposition of this case than did the author of *Reid,*[3]—also author of the majority on rehearing here—where reversal occasioned unassigned error

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Indeed, the majority on rehearing has treated and disposed of this cause in a manner which reflects a perception of the merits presented to

be the same as that perceived by the majority on original submission, and by the State in its brief.

3. *Reid v. State,* 560 S.W.2d 99 (Tex.Cr.App. 1978).

of the nature presented here: a stipulation of evidence admitting to acts constituting a crime but different from the acts alleged in the indictment.[4] [See n. 4, opinion on original submission.]

The majority on rehearing recognizes the inconsistency between the indictment allegations and the conduct admitted by appellant in his written stipulation of evidence, but the majority nullifies any significance of such inconsistency by revealing that "it is obvious the form was drafted to be used in guilty pleas to burglary by entering a habitation with intent to commit theft rather than burglary by entering a habitation and committing theft," thus implying that the "wrong" form was selected. Such an implication—which is in no wise supported by the record as I read it [5]—rejects outright the idea that the appellant was possibly, in fact, guilty of the conduct he confessed in the stipulation of evidence; such presumption further assumes beyond a reasonable doubt that appellant, instead, committed the acts charged in the inconsistent indictment. More perilous still, such presumption abrogates the presumption of innocence accorded every individual accused of a crime.[6]

Having thus glossed over the import of the contents of appellant's written stipulation, it is but characteristic for the majority

opinion to omit completely the facts that: (1) the State introduced only the written *stipulation* as State's Exhibit No. 1, then rested; (2) the trial court asked appellant whether the contents of the *stipulation* were true, to which appellant replied "yes;" (3) the trial court advised appellant he would be finding him guilty on the basis of his *stipulation*;[7] and finally, after appellant had been sworn and affirmed on direct examination that he had "gone over that indictment with [his attorney]" and "it is true and correct," (4) defense counsel also elicited from appellant that the *stipulation* was "true and correct." [See opinion on original submission for sequential recitation of these proceedings.]

It is not disputed that during the proceeding appellant once orally affirmed that the indictment "is true and correct." The question then, is twofold: whether such affirmation comprised a "judicial confession" which in turn constituted "evidence" sufficient to support the conviction; and, to what extent such affirmation is affected by the remainder of the record which reflects three admissions by appellant—one in written detail—to conduct variant from that alleged in the indictment? This troublesome question is easily dispensed with by the majority opinion through ignoring ev-

4. A careful reading of the dissent filed on original submission reveals that author's quarrel to be primarily with what is now settled law: that authorization of conviction on a theory not alleged in the State's indictment constitutes fundamental error. See *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977) and its progeny, including *Whitlow*, supra.

5. Without indicia from the record, it is curious that the asserted error in form selection is so "obvious" to a majority of this Court, when such error was clearly not obvious to appellant, (who signed the "wrong" form under oath in open court), his attorney, the prosecutor or the trial judge, all of whom approved the "wrong" form by signature. Moreover, during his sworn testimony appellant reaffirmed that the written stipulation was "true and correct," as excerpted in some detail in opinion on original submission.

6. Section 2.01, V.T.C.A. Penal Code provides: "*All persons* are *presumed to be innocent* and no person may be convicted of an offense unless each element of the offense is

proved beyond a reasonable doubt. *The fact that he has been . . . indicted for . . the offense gives rise to no inference of guilt at his trial.*"
Article 38.03, V.A.C.C.P. prescribes:
"*The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt,* and in case of reasonable doubt as to his guilt he is entitled to be acquitted."
Article 1.15, V.A.C.C.P. mandates that in cases where the defendant elects to plead guilty to a criminal offense,
". . . it shall, [however], be necessary for the state to introduce evidence into the record showing the guilt of the defendant and *said evidence shall be* accepted by the court as *the basis for* its *judgment* and *in no event* shall a person charged *be convicted* upon his [guilty] plea *without sufficient evidence to support* the same.

7. See recitation of Article 1.15, V.A.C.C.P. set out in n. 6, supra.

ery reference contained in the record to the written stipulation, then merely labeling as a "judicial confession" appellant's affirmative answers to defense counsel's queries as to whether he had read the indictment and whether "it was true and correct."

This justification for the majority's result is unacceptable to me for two reasons: First, from a complete reading of the transcription of the court reporter's notes, the impartial observer is unable to discern exactly to what this appellant intended to, and did in fact, plead guilty. Thus the record patently reveals that appellant's entry of the guilty plea was neither a knowing nor intelligent act,[8] and, further, that

the effectiveness of his counsel is doubtful. Compare *Ex parte Bratchett*, 513 S.W.2d 851 (Tex.Cr.App.1974). A collateral attack of this conviction is alone justified for this reason under *Ex parte Moffett*, supra.

Secondly, the majority opinion's crucial determination—"that [appellant's testimony regarding the indictment] was tantamount to a statement that all the allegations of the indictment were true and correct and *was a judicial confession*"—is made without principled and reasoned authority to support it.[9] While it is ostensibly "well settled" that a judicial confession *standing alone* is sufficient to sustain a conviction

8. In the last sentence of footnote 7 the majority opinion curiously notes that "*where the record shows* the indictment was read to the defendant or *that he knows or understands the contents* and he admits the allegations are true and correct, such is a judicial confession."

The majority opinion, however, does not address the significance of a reflection by the record that the defendant *does not know or understand* what is contained in the charging instrument returned against him.

9. *Henderson v. State*, 519 S.W.2d 654 (Tex.Cr. App.1975), which the majority suggests the reader see and compare, demonstrates the point. It does, indeed, contain the three sentences and reference to *Battiste v. State*, 485 S.W.2d 781 (Tex.Cr.App.1972) set out near the end of the majority opinion, but upon analysis it is shown to be a startling affirmation of idiomatic decision making. In *Battiste* the accused aborted a jury trial in progress by announcing his desire to change his plea to guilty; the trial court duly admonished him of the consequences of his plea and accepted it; the accused executed a written judicial confession. The State then *reintroduced* all evidence presented to the jury and *introduced* the signed judicial confession. Accused took the stand and, in what detail we are not informed, made an oral judicial confession. Reciting all this, the *Battiste* opinion then summarily states, "It is clear that a judicial confession, standing alone, would be sufficient to support a guilty plea." *Battiste* does not identify which "judicial confession" is sufficient, but it does cite as primary authority *Alvarez v. State*, 374 S.W.2d 890 (Tex.Cr.App.1964). *Alvarez* holds that the testimony of Alvarez as to the theft with which he was charged, that is summarized as we will quote it, "is a judicial confession and as such needs no corroboration," viz:

"In the instant case, after his plea of guilty, appellant was placed on the stand and testi-

fied that each and every allegation contained in the indictment was true and correct; that he was the same Hector G. Alvarez named in said indictment, and that he took possession of the tape recorder, over the value of $50.00, without the owner's consent and with the intent to appropriate it to his own use. He further testified that the theft in question took place in Bexar County, Texas."

The other direct authority cited by *Battiste* is 2 McCormick & Ray, Texas Law of Evidence § 1223, wherein it is stated that the rule requiring corroboration of extrajudicial confessions is not applicable to formal judicial confessions. *Battiste* also invites seeing *Bell v. State*, 455 S.W.2d 230 (Tex.Cr.App.1970) and *Drain v. State*, 465 S.W.2d 939 (Tex.Cr.App.1971). In *Bell* appellant did *not* testify but executed a written stipulation in which he judicially confessed; holding that writing sufficient to support the conviction, the *Bell* court pointed out that it "recites *all of the elements* of the offense of statutory rape, and such affidavit is of probative value." *Drain*, on the other hand, held that his testimony was *not* sufficient because it did *not* constitute a judicial confession, pointing out in a footnote a recommended procedure whereby the accused "testifies before the court and judicially confesses *the elements of the offense.*" Thus, from this examination of the authorities cited by *Battiste*, the judicial confession which, standing alone, was thought sufficient to support a plea, is one that confesses *to the elements of the offense charged*—just as in *Alvarez*, from the witness stand, in *Bell*, by written affidavit, and in *Drain*, again from the witness stand.

The *Henderson* statement and result, therefore, are not authorized by "seeing" *Battiste*, and *Henderson* cites no other authority. The *Battiste* idiom does not fit the *Henderson* form.

upon a guilty plea,[10] the law is far from settled as to *what* constitutes a judicial confession.[11] The majority opinion cites

10. But *see opinion on original submission,* footnote 11, discussing the apparent evolution of such principle.

11. Merely saying, as the majority does, that a judicial confession is one made in a legal proceeding, such as "a confession made in open court during the course of trial" and citing textual material or cases like *Speer v. State,* 4 Tex.App. 474, 479 (Ct.App.1878) that does so, is not too helpful in defining a judicial confession.

    *Fancher v. State,* 167 Tex.Cr.R. 269, 319 S.W.2d 707, 708 (1958), also cited by the majority, is more instructive. Charged with driving while intoxicated, Fancher was reported by a testifying officer to have made an extrajudicial confession that he was driving the automobile; testifying in his behalf, however, Fancher denied that he was the driver, claiming that another had been. In finding sufficient proof of corroboration of the extrajudicial confession to establish the *corpus delicti,* the Court pointed to appellant's own factual testimony that he was the owner of the car, and opined that by that testimony appellant himself "supplied a very material element of the corroboration necessary."

    *Harper v. State,* 148 Tex.Cr.R. 354, 187 S.W.2d 570 (Tex.Cr.App.1945), when examined beyond the shorthanded paraphrasing by the majority, provides better illumination for my own view. Thus, like *Fancher,* supra, Harper had made an extrajudicial confession detailing the murder he was charged with committing; but testifying at trial Harper claimed the confession was extorted from him by force and threats. Nevertheless, his trial testimony admitted "every *fact* contained in the purported confession" except two gruesome acts of maiming. The Court held that his "*evidence* given in court was a judicial confession of his guilt by which he is bound," *id.* at 571, and was sufficient to support the verdict even if the purported written confession be entirely disregarded.

    *Harper* was relied on by the Court in *Ex parte Keener,* 314 S.W.2d 93 (Tex.Cr.App. 1958), also referred to by the majority. While what occurred does not, in my view, amount to a judicial confession, the holding and result seem sound enough. Keener entered a plea of guilty, his attorney and the prosecutor waived presence of witnesses and entered into a stipulation to the effect that if they were presented and testified they would testify to a certain state of facts. Keener then was sworn and he testified he had heard "this testimony as was stipulated" and that it was substantially true and correct. This is certainly not a confession of guilt nor an acknowledgement that allegations in the indictment are true and correct;

two errant cases to support its expansion of the "judicial confession" line of cases to include the facts of the instant case.[12] A

rather Keener was actually admitting that certain *facts* to which witnesses could and would testify were true. That evidence through stipulation and his admission were held sufficient.

    *Martin v. State,* 109 Tex.Cr.R. 101, 3 S.W.2d 90 (1927) is the final case cited by the majority in the paragraph discussing just what a judicial confession is. While it is used for the notion that a judicial confession need not be corroborated, the description of the actual confession—held to support a finding of guilt on a plea of guilty for unlawful possession of intoxicating liquor—is much more edifying; thus:

    ". . . The appellant himself took the witness stand in the trial of his case and admitted that he was in possession of the intoxicating liquor (introduced after being seized in a valid search) and that he had sold about a half gallon of it. His own testimony in the court below clearly shows his guilt."

    Thus, not a single case relied on by the majority for establishing a workable definition of a judicial confession comes even close to holding that it is the sworn testimony of an accused that the allegations in the indictment are true and correct. Rather, in each instance there was some material *factual* matter either "confessed" or admitted by the testifying accused.

12. *Henderson v. State,* supra, which, upon being assayed in note 9, supra, turns out to be unsupported, and *Cooper v. State,* 573 S.W.2d 533 (Tex.Cr.App.1978) which compares *Potts v. State,* 571 S.W.2d 180 (Tex.Cr.App.1978) for its authority. Not an apt comparison, for the problem in *Potts* was that her *written* judicial confessions of theft *introduced* by the State were full and complete in every respect except they did not expressly include an admission that the property was taken without the owner's consent. Potts testified that the contents of the confessions were "substantially true and correct," but did not otherwise supply the missing element of lack of consent. What the Court found it had to do in deciding sufficiency of the evidence was to look to the written confession. Canvassing two of the several decisions reviewed in footnote 11 of the opinion on original submission in this cause, the *Potts* court determined "that an affirmation of the indictment as true and correct will constitute a judicial confession," and since the written confessions ended with the phrase "as charged in the indictment" and Potts affirmed those confessions, Article 1.15, V.A.C.C.P., was satisfied. In *Cooper,* however, there was no written judicial confession for him to affirm because what purported to be one stated an impossible date. Moreover, if in testifying Cooper did more than say he was pleading guilty just as charged in

review of the other cited authorities reveals that in no case was the evidence sustained as ╲alone sufficient by a reflection in the record of anything even resembling what is characterized here as a "judicial confession."[13] Indeed, had the procedures evidenced by the later cited cases been employed here, this writing would be obviated. Additionally, it cannot be overlooked that this Court was not presented with facts by any of the cited authorities, which were in the posture of the instant case, e. g., a single affirmation that the indictment is true vis-a-vis three affirmations that the inconsistent stipulation of evidence is true.

In my view, this case serves to illuminate the past error of loosely labeling a word or words of various defendants as "a judicial confession" without regard for the policy considerations advanced by Article 1.15, V.A.C.C.P. Why does that provision prescribe "that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same[?]" Why does Article 1.15, supra, then provide methods of evincing the sufficiency of the evidence: the accused's consent "*either* to an oral stipulation of the evidence and testimony *or* to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court[?]" Clearly, Article 1.15, supra, provides prophylaxis, when applied in a manner consistent with its intent, against a proceeding such as the one before us in which it cannot be ascertained from

---

the indictment and that he was saying that he was guilty regardless of whatever punishment was assessed, the opinion does not indicate what it was; in this respect, then, without acknowledging that it is doing so, *Cooper* practically overrules the holding in *Drain*, supra, that it is not a judicial confession for a testifying accused to confirm that he is "guilty of this charge and . . . [is] . . . pleading guilty because . . . [he is] . . . guilty and for no other reason," even though he had heard oral stipulations made in open court as to the facts of the matter.

**13.** In *Rodriguez*, in addition to the accused's sworn admission that the indictment allegations were true and correct, the State introduced evidence that the accused had shot a gun into an icehouse where he knew there were several people; in *Wiley*, in addition to the accused's affirmation that the allegations in the indictment were true, the accused admitted, under oath, each element of the offense; in *Sweeten*, the prosecutor dictated the stipulation of evidence into the record specifically stating what each witness would have testified to, and when the accused was asked if the testimony, as the prosecutor had read it, was substantially true and correct, he stated "yes"; in *Cevalles*, a written confession admitting the elements of the offense was introduced into evidence by the State; in *Battiste*, the accused changed his plea to "guilty" in the course of a jury trial and the State reoffered all evidence which had been adduced before the jury, and introduced a written stipulation of evidence and further adduced the accused's sworn testimony; in *Bishop*, written stipulations of evidence in three causes were introduced and read in open court by the State, and the accused affirmed under oath that the contents were true; in *Knight*, a written statement in which the accused admitted each element of the offense was introduced by the State; in *Sexton*, detailed statements as to what the testimony of witnesses would be regarding two offenses, were dictated into the record by the prosecutor, and on cross examination after having been sworn, the accused affirmed that the salient elements of the offense were true; in *Alvarez*, the accused testified in detail as to the facts of the offense; in *Sprinkle*, a detailed stipulation of evidence was offered by the State, along with the testimony of witnesses, and the accused affirmed under oath that he had heard what the prosecutor read and it was all true; in *Vasquez*, an oral stipulation containing each element of the offense was dictated into the record, and the accused testified that he had heard the stipulation and it was reasonably true and correct; *Ferguson* focuses on whether grounds of error, complaining of an adverse ruling on motion to suppress, present anything for review when appellant judicially confesses to commission of the offense, rather than sufficiency of that confession to support a conviction. Ferguson does cant the familiar idiom that now appears to have first issued in *Guerra v. State*, 138 Tex.Cr.R. 120, 134 S.W.2d 679 (1939) where only 18 Tex.Jur. 183 is cited, and that reference is to a "confession" made in some other proceeding such as a coroner's inquest, an examining trial and a grand jury investigation.

the record precisely what acts the accused has confessed.[14]

Remaining convinced that a fair reading of this record as a whole supports the conclusion that the words seized upon by the majority do not constitute "any evidence" which will support the judgment of conviction, I would so hold. At a minimum, I would hold that the record affirmatively reflects that the plea was entered unintelligently. For these reasons, I respectfully dissent.

ROBERTS and PHILLIPS, JJ., join.

---

**14.** Surely the aversion of post conviction collateral attacks on the grounds of ineffective assistance of counsel or the absence of a knowledgeable and intelligent plea entry, is not the least of the policy underlying the prescriptions of Article 1.15, supra. As well are considerations of protection of related rights of the accused against overreaching and equally to hold an accused accountable *in futuro*. We do not effectuate the intent and purpose of Article 1.15, supra, by finding that an oral affirmation of guilt drawn from an accused by his own counsel seeking to protect himself and by a perfunctory question from the prosecutor is sufficient compliance—especially where the oral affirmation is contradictory of a written confession and of other sworn testimony. Instead the provisions are emasculated since the State is now relieved of carrying its burden of proof and the trial court of assaying evidence produced by the State. Thus, without any statutorily authorized process the accused is convicted on what is essentially no more than his plea—the very vice the statute was designed to combat! See *Bolton v. State*, 123 Tex.Cr.R. 543, 59 S.W.2d 833, 834 (1933); *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460, 462–463 (1942); *Spivey v. State*, 140 Tex.Cr.R. 107, 143 S.W.2d 386 (1940); see also *Franklin v. State*, 140 Tex.Cr.R. 251, 144 S.W.2d 581 (1940).