TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00739-CR







Gerald Ray Hawkins, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. CR4383, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







After revoking appellant's deferred adjudication probation, the district court adjudged him
guilty of aggravated sexual assault of a child and assessed punishment at imprisonment for fifty years. See
Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July
18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021,
since amended). We will affirm.

Appellant first appeared in court on August 13, 1992, at which time he entered a plea of
no contest. Appellant testified and confessed his guilt. The district court announced that it found appellant
guilty as charged, ordered a presentence investigation, and reset the cause for punishment. The trial
resumed on September 29, 1992. After discussing the presentence report with counsel and hearing
argument, the court assessed punishment at imprisonment for ten years and a $1000 fine. The court further
stated that it would suspend imposition of sentence and place appellant on probation. At this point, the
proceeding was briefly recessed. After the recess, the following events took place: 


THE COURT: All right. I'll now call Cause No. 4383, State vs. Gerald Ray
Hawkins. 


Does the Defense have a motion?


[Defense counsel]: Yes, Your Honor. The Defendant would respectfully orally
move the Court to grant deferred adjudication to the Defendant.


THE COURT: Well, first of all, you're asking for a new trial?


[Defense counsel]: Yes, sir.


[Prosecutor]: State doesn't object.


THE COURT: All right. The defense motion for new trial be and the same is
hereby granted and the prior judgment is set aside. 


I'll now call the case for trial. State ready?


[Prosecutor]: Ready, Your Honor.


[Defense counsel]: Defendant is ready, Your Honor.


[The court questioned appellant and confirmed that he still desired to waive his
various rights.]


THE COURT: I have heard the testimony and the evidence that was presented in
the case and I do find that the evidence supports the guilt as charged.


I further find that it would be in the best interest of the Defendant and society that
further proceedings be deferred and that you be placed on probation for a term of 10
years.



Appellant voiced no objection to the proceedings and he did not appeal from the order
deferring adjudication. See Dillehey v. State, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991). Now,
following the revocation of probation and the adjudication of guilt, he brings forward two points of error. 
First, he complains that after granting the new trial, the district court did not hear evidence and therefore
erred by finding that the evidence substantiated his guilt. Second, appellant contends he was denied due
process because the court failed to admonish him as required by article 42.12, section 5(a). See Act of
May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500 (Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(a), since amended).

Following an adjudication of guilt, all proceedings, including appeal, continue as if the
adjudication of guilt had not been deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp.
1998). We will treat appellant's first point of error as a challenge to the sufficiency of the evidence to
sustain his conviction. In a felony trial before the court, a defendant cannot be convicted on his plea alone;
there must be other evidence showing the defendant's guilt. Tex. Code Crim. Proc. Ann. art. 1.15 (West
Supp. 1998). In this cause, the district court, without objection, took judicial notice of appellant's earlier
testimony in which he admitted his guilt. See Tex. R. Crim. Evid. 201(c). Appellant's judicial confession
was sufficient to sustain the conviction. Dinnery v. State, 592 S.W.2d 343, 352-53 (Tex. Crim. App.
1980) (opinion on rehearing). Point of error one is overruled.

A trial court's failure to admonish a defendant about the consequences of a violation of
deferred adjudication probation does not constitute a due process violation. Brown v. State, 943 S.W.2d
35, 36 (Tex. Crim. App. 1997). Appellant's contention to the contrary is without merit. Point of error two
is overruled.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 12, 1998

Do Not Publish



ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021,
since amended). We will affirm.

Appellant first appeared in court on August 13, 1992, at which time he entered a plea of
no contest. Appellant testified and confessed his guilt. The district court announced that it found appellant
guilty as charged, ordered a presentence investigation, and reset the cause for punishment. The trial
resumed on September 29, 1992. After discussing the presentence report with counsel and hearing
argument, the court assessed punishment at imprisonment for ten years and a $1000 fine. The court further
stated that it would suspend imposition of sentence and place appellant on probation. At this point, the
proceeding was briefly recessed. After the recess, the following events took place: 


THE COURT: All right. I'll now call Cause No. 4383, State vs. Gerald Ray
Hawkins. 


Does the Defense have a motion?


[Defense counsel]: Yes, Your Honor. The Defendant would respectfully orally
move the Court to grant deferred adjudication to the Defendant.


THE COURT: Well, first of all, you're asking for a new trial?


[Defense counsel]: Yes, sir.


[Prosecutor]: State doesn't object.


THE COURT: All right. The defense motion for new trial be and the same is
hereby granted and the prior judgment is set aside. 


I'll now call the case for trial. State ready?


[Prosecutor]: Ready, Your Honor.


[Defense counsel]: Defendant is ready, Your Honor.


[The court questioned appellant and confirmed that he still desired to waive his
various rights.]


THE COURT: I have heard the testimony and the evidence that was presented in
the case and I do find that the evidence supports the guilt as charged.


I further find that it would be in the best interest of the Defendant and society that
further proceedings be deferred and that you be placed on probation for a term of 10
years.



Appellant voiced no objection to the proceedings and he did not appeal from the order
deferring adjudication. See Dillehey v. State, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991). Now,
following the revocation of probation and the adjudication of guilt, he brings forward two points of error. 
First, he complains that after granting the new trial, the district court did not hear evidence and therefore
erred by finding that the evidence substantiated his guilt. Second, appellant contends he was denied due
process because the court failed to admonish him as required by article 42.12, section 5(a). See Act of
May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500 (Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(a), since amended).

Following an adjudication of guilt, all proceedings, including ap