NO. 07-12-0173-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
FEBRUARY 1, 2013
--------------------------------------------------------------------------------

 
 RUDOLPH CLEMENTE MUNOZ, JR., 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _____________________________
 
 FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;
 
 NO. 1250855R; HONORABLE LOUIS E. STURNS, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Memorandum Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Rudolph Clemente Munoz, Jr., pled guilty to aggravated assault on a family member and, after a punishment hearing, was sentenced to thirty years imprisonment. He argues on appeal that 1) his sentence was cruel and unusual, and 2) the evidence was insufficient to establish that his victim suffered serious bodily injury. We affirm the judgment.
 

Issue 1 - Cruel and Unusual Punishment
Appellant argues that his punishment of thirty years confinement is cruel and unusual punishment. However, he did not raise the complaint below; thus, it was and is waived. Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Ham v. State, 355 S.W.3d 819, 825 (Tex. App. - Amarillo 2011, pet. ref'd); Kim v. State, 283 S.W.3d 473, 475 (Tex. App. - Fort Worth 2009, pet. ref'd). The issue is overruled. 
Issue 2 - Serious Bodily Injury
Next, appellant questions the sufficiency of the evidence underlying the conclusion that his victim suffered serious bodily injury. We overrule the issue.
The record contains a judicial confession signed by appellant and accompanying his guilty plea. Therein, he admitted to committing "each and every act alleged" in the indictment and that all facts alleged in the indictment "are true and correct." Furthermore, appellant was accused, via the indictment, of having "cause[d] serious bodily injury to Jennifer Garcia . . ." among other things. His admitting that the allegations in the indictment were true via his judicial confession alone is sufficient to sustain a conviction. Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980).
To the confession, though, we add the evidence that appellant lured Garcia to a location under the pretense that he had been injured in a robbery and needed her to take their two sons. When she arrived, he told her the children would not be going with her and instead sliced her throat with a razor blade. The wound was described as a laceration from the angle of her jaw, below the earlobe running across the length of her neck to the other end of her jawbone and was "very deep." It also involved "copious bleeding," and the internal structures of her neck, such as her trachea and her internal muscles, were exposed. Garcia testified that veins in her neck were severed as well as her thyroid gland. Though she underwent surgery to repair the damage, she still suffers pain from the injury and lacks movement in her neck. This too is sufficient to satisfy the allegation regarding serious bodily injury. 
 Accordingly, the judgment is affirmed. 

 Brian Quinn 
 Chief Justice 
Do not publish.