IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-132-CR




ANDREW MORRIS MILLIGAN, III,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7610, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING



 




 Trial was before the court on appellant's plea of guilty to the offense of burglary
of a habitation. See Tex. Penal Code Ann. § 30.02 (West 1989). Punishment, enhanced by two
prior felony convictions, was assessed at confinement for sixty years. Appellant asserts three
points of error, contending the trial court erred by: (1) admitting hearsay testimony of an absent
witness; (2) finding appellant guilty when there was insufficient evidence to support a conviction;
and (3) permitting the State to elicit testimony concerning the terms and refusal of a proposed plea
bargain. We will overrule appellant's points of error and affirm the judgment of the trial court.

 In his second point of error, appellant contends that there was nothing other than
inadmissible evidence of fingerprints found inside the burglarized house that could arguably
support a conviction. Upon entering a plea of guilty before the court it "shall be necessary for
the State to introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no event shall a person be convicted upon his plea without sufficient evidence to support the same." Tex. Code
Crim. Proc. Ann. art. 1.15 (West 1977). In Dinnery v. State, 592 S.W.2d 343, 352 (Tex. Crim.
App. 1980), the court held that appellant's testimony that he had read the indictment and that it
was true and correct was tantamount to a statement that all the allegations of the indictment were
true and correct and was a judicial confession that he was a guilty participant in the offense
charged. The rule requiring corroboration of extrajudicial confessions does not apply to a judicial
confession made in the course of a judicial proceeding while testifying as a witness. Id. Prior
to being sworn as a witness, appellant stated to the court that he had plenty of time to talk to his
lawyer and that he understood what he was charged with. In response to the court's question,
defense counsel stated he had spent "much time" discussing the evidence and options to appellant,
and that appellant understood what he was doing. Appellant took the witness stand, and after
being sworn, the following occurred under examination by the prosecutor:



MR. PENICK [prosecutor]: Okay. Are you the same Andrew Milligan that on
or about the 9th day of September, 1991, in Bastrop County, Texas intentionally
without the effective consent of David Outon, the owner of a habitation, enter that
habitation with the intent to commit theft?


MR. MILLIGAN [appellant]: Yes, sir.



 We find the above testimony sufficient to constitute a judicial confession that
appellant committed the offense. We hold that appellant's judicial confession was sufficient to
sustain the conviction. Appellant's second point of error is overruled.

 In his first point of error, appellant contends that the trial court erred in admitting
evidence offered by the State that a fingerprint expert would, if she were present, testify that
appellant's fingerprints were found in the burglarized house. Appellant asserts that he did not
agree to such a stipulation. In his third point of error, appellant contends that the trial court erred
in allowing the prosecutor to elicit testimony from appellant about the State's proposed plea
bargain that he had rejected.

 Unlike Gipson v. State, 844 S.W.2d 738 (Tex. Crim. App. 1992), the trial court
did not specifically state that its judgment was based on either the proffered stipulation regarding
the fingerprints or the proposed plea bargain. However, the Gipson court held that the
presumption that the trial court disregards incompetent evidence in bench trials where it is not
shown that the judgment was based on inadmissible evidence was no longer a viable rule since the
advent of Texas Rule of Appellate Procedure 81(b)(2). Rule 81(b)(2) states:



If the appellate record in a criminal case reveals error in the proceedings below,
the appellate court shall reverse the judgment under review, unless the appellate
court determines beyond a reasonable doubt that the error made no contribution to
the conviction or to the punishment.



 Appellant's judicial confession required no corroboration. We find beyond a
reasonable doubt that any error in the admission of the proffered stipulation about appellant's
fingerprints being found in the burglarized house was harmless beyond a reasonable doubt.

 No objection was voiced to testimony elicited from appellant that his counsel had
recommended that he accept the State's plea bargain offer of fifty years. Since appellant made
no objection to the complained-of evidence, nothing is preserved for review. See Tex. R. App.
P. 121. It appears to be appellant's position that there was no necessity to object since there had
been no showing that appellant had waived the "lawyer-client privilege." See Tex. R. Crim.
Evid. 503. Assuming, arguendo, that an objection was not necessary, we hold that error was
harmless beyond a reasonable doubt in light of appellant's plea of true to two prior convictions
for burglary of a building. Appellant's first and third points of error are overruled.

 The judgment is affirmed.





 

 Tom G. Davis, Justice

Before Justices Powers, B. A. Smith and Davis*

Affirmed

Filed: March 2, 1994

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).