TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00252-CR







James Lee Knopick, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 226TH JUDICIAL DISTRICT


NO. 98CR4750, HONORABLE PHIL CHAVARRIA, JUDGE PRESIDING







Indicted for possessing more than four grams of heroin with intent to deliver,
appellant James Lee Knopick pleaded no contest to the lesser offense of simple possession. See
Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 1999). He also pleaded true to 
a previous felony conviction alleged for enhancement. The district court adjudged appellant guilty
and, pursuant to a plea bargain agreement, assessed punishment at imprisonment for eight years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969). In addition, appellant exercised his right to examine the appellate record
and filed a pro se brief.

Appellant's first pro se point is that the district court did not have jurisdiction
because the judge of the court was disqualified. The notice of appeal did not preserve the right
to appeal a jurisdictional defect. See Tex. R. App. P. 25.2(b)(3)(A). The nature of the alleged
disqualification is not stated in the brief. There is nothing in the record before us that lends
substance to this claim. Point one is overruled.

Appellant next contends the evidence is insufficient to sustain the conviction. The
notice of appeal did not preserve this issue. See rule 25.2(b)(3)(C). In any event, appellant's 
plea and judicial confession are sufficient to sustain the finding of guilt. See Dinnery v. State, 592
S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g). The second point is overruled.

Appellant contends the evidence against him was seized in violation of his Fourth
Amendment rights. He did not file a motion to suppress the evidence or otherwise raise this issue
in the district court. See rule 25.2(b)(3)(B). Point of error three is overruled.

Appellant also contends he was not taken before a magistrate or advised of his
rights by the police. See Miranda v. Arizona, 384 U.S. 436 (1966); Tex. Code Crim. Proc. Ann.
art. 15.17 (West Supp. 1999). There is no contention or showing that any incriminating evidence
was obtained as a result of the alleged improprieties. This contention was not raised below or
preserved for review. See rule 25.2(b)(3)(B).

Finally, appellant urges that he did not receive effective assistance of counsel at
trial. He complains that his attorney did not investigate the case, did not interview or call defense
witnesses, did not file a discovery motion, and did not file a motion to suppress or otherwise raise
the Fourth Amendment issue. Appellant does not have the trial court's permission to raise this
issue. See rule 25.2(b)(3)(C). Moreover, because this contention is made for the first time on
appeal, there is no evidence to support appellant's assertions. Point of error five is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We agree with
counsel that the appeal is frivolous and without merit.

The judgment of conviction is affirmed.





 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: October 7, 1999

Do Not Publish



ily: CG Times Regular" STYLE="font-size: 11pt">
NO. 98CR4750, HONORABLE PHIL CHAVARRIA, JUDGE PRESIDING







Indicted for possessing more than four grams of heroin with intent to deliver,
appellant James Lee Knopick pleaded no contest to the lesser offense of simple possession. See
Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 1999). He also pleaded true to 
a previous felony conviction alleged for enhancement. The district court adjudged appellant guilty
and, pursuant to a plea bargain agreement, assessed punishment at imprisonment for eight years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969). In addition, appellant exercised his right to examine the appellate record
and filed a pro se brief.

Appellant's first pro se point is that the district court did not have jurisdiction
because the judge of the court was disqualified. The notice of appeal did not preserve the right
to appeal a jurisdictional defect. See Tex. R. App. P. 25.2(b)(3)(A). The nature of the alleged
disqualification is not stated in the brief. There is nothing in the record before us that lends
substance to this claim. Point one is overruled.

Appellant next contends the evidence is insufficient to sustain the conviction. The
notice of appeal did not preserve this issue. See rule 25.2(b)(3)(C). In any event, appellant's 
plea and judicial confession are sufficient to sustain the finding of guilt. See Dinnery v. State, 592
S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g). The second point is overruled.

Appellant contends the evidence against him was seized in violation of his Fourth
Amendment rights. He did not file a motion to suppress the evidence or otherwise raise this issue
in the district court. See rule 25.2(b)(3)(B). Point of error three is overruled.

Appellant also contends he was not taken before a magistrate or advised of his
rights by the police. See Miranda v. Arizona, 384 U.S. 436 (1966); Tex. Code Crim. Proc. Ann.
art. 15.17 (West Supp. 1999). There is no contention or showing that any incriminating evidence
was obtained as a result of the alleged improprieties. This contention was not raised below or
preserved for review. See rule 25.2(b)(3)(B).

Finally, appellant urges that he did not receive effective assistance of counsel at
trial. He complains tha