MARK MOODY JR. V. STATE 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-097-CR

NO. 2-03-098-CR

MARK MOODY JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

I.  Introduction

On January 7, 2002, appellant Mark Moody, Jr. pleaded guilty pursuant to a plea bargain to indecency with a child by contact.  The trial court placed him on seven years’ deferred adjudication community supervision.  In February 2003, the State filed an amended petition to proceed to adjudication, alleging appellant violated various terms of his community supervision including committing a new offense by failing to comply with the sex offender registration requirements.  
See
 
Tex. Code
 Crim. Proc. Ann.
 arts. 62.02, 62.10(b)(2), 62.12(a) (Vernon Supp. 2003).
  Appellant pleaded true to the various allegations without the benefit of a plea bargain, and the trial court found each allegation true, adjudicated appellant guilty of the offense of indecency with a child, and sentenced him to ten years’ imprisonment.  Appellant appeals from this judgment in cause no. 2-03-097-CR.

On March 6, 2003, appellant was charged by felony information in a second cause with the offense of failing to report as a sex offender.  Appellant entered an open plea of guilty to the charge, and the trial court found him guilty and sentenced him to five years’ imprisonment, to run concurrently with his sentence for indecency with a child.  Appellant appeals from this judgment in cause no. 2-03-098-CR.

II.  
Anders
 Review

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and briefs in support of the motion in both appeals.  In the briefs, counsel avers that, in his professional opinion, the appeals are frivolous.  Counsel’s briefs and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.  

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
 Additionally, this court informed appellant that he may file a pro se brief, but he has not done so.

III.  Cause No. 2-03-097-CR 

As a general rule, a defendant placed on deferred adjudication community supervision must raise errors relating to the original plea proceeding in an appeal taken when supervision is first imposed, rather than raising them for the first time in an appeal following adjudication and sentencing.  
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  There is a “void judgment” exception to 
Manuel
.  
See Nix v. State
, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).  An error or defect at the original guilty plea proceeding that renders the subsequent judgment of conviction void may be raised for the first time after adjudication and sentencing.  
Id.
 at 667-68. A judgment is void only in very rare situations. 
Id.
 at 668.

Our review of the record reveals no error or defect at the original guilty plea proceeding that would render void appellant’s conviction for indecency with a child.  Because appellant was placed on deferred adjudication following his plea of guilty pursuant to a plea bargain, he may not appeal any potential error occurring before and up to his placement on deferred adjudication community supervision.  
See Manuel
, 994 S.W.2d at 661-62.  
Thus, we do not review that portion of the record for error.  Appellant may appeal, however, 
error that occurred during the punishment phase after he was adjudicated guilty.
  
See Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).
  

Our review of the record regarding punishment reveals no reversible error, and the sentence assessed by the trial court is within the statutorily permissible range.  
See
 
Tex. Penal Code Ann.
 §§ 12.33, 21.11 (Vernon 2003)
.  Moreover, there is no evidence in the record indicating that appellant’s trial counsel did not provide constitutionally required effective assistance of counsel during the punishment phase.  
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

IV. 
 
Cause No. 2-03-098-CR 

Our review of the record shows that appellant was properly admonished in writing regarding the offense charged and his rights and that he voluntarily waived his rights and pleaded guilty to the offense without the benefit of a plea bargain.  Appellant also signed a written judicial confession.  Thus, the evidence was sufficient to support his conviction.  
See Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh’g).  

While the information refers to appellant as “Mark Moody” as opposed to “Mark Moody Jr.,” the trial court entered an “Order Entering Defendant’s True Name Into Minutes of the Court.”  Although this order does not constitute an amendment to the information, appellant did not object to the potential error in the information, which would have preserved a complaint on appeal.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.14(b) (“If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.”).
  There are no jurisdictional defects in the record and no orders on motions entered against appellant.  The sentence assessed is within the statutorily permissible range.  
See
 
Tex. Code 
Crim. Proc. Ann.
 art. 62.10(b)(2); 
Tex. Penal Code Ann.
 § 12.34
.

V.  Conclusion

After independently reviewing the records, we agree with appellate counsel’s determination that any appeal from these cases would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgments.
  
 

PER CURIAM

PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  October 9, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.