COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-03-097-CR
NO. 2-03-098-CR

MARK MOODY JR.                                                                  
APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
213TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION 
 


------------
I. Introduction
        On January 7, 2002, appellant Mark Moody, Jr. pleaded guilty pursuant 
to a plea bargain to indecency with a child by contact. The trial court placed 
him on seven years’ deferred adjudication community supervision. In February 
2003, the State filed an amended petition to proceed to adjudication, alleging 
appellant violated various terms of his community supervision including 
committing a new offense by failing to comply with the sex offender 
registration requirements. See Tex. Code Crim. Proc. Ann. arts. 62.02, 
62.10(b)(2), 62.12(a) (Vernon Supp. 2003). Appellant pleaded true to the
various allegations without the benefit of a plea bargain, and the trial court
found each allegation true, adjudicated appellant guilty of the offense of
indecency with a child, and sentenced him to ten years’ imprisonment. 
Appellant appeals from this judgment in cause no. 2-03-097-CR.
        On March 6, 2003, appellant was charged by felony information in a 
second cause with the offense of failing to report as a sex offender. Appellant 
entered an open plea of guilty to the charge, and the trial court found him guilty 
and sentenced him to five years’ imprisonment, to run concurrently with his 
sentence for indecency with a child. Appellant appeals from this judgment in 
cause no. 2-03-098-CR. 
II. Anders Review
        Appellant’s court-appointed appellate counsel has filed a motion to 
withdraw as counsel and briefs in support of the motion in both appeals. In the 
briefs, counsel avers that, in his professional opinion, the appeals are frivolous. 
Counsel’s briefs and motion meet the requirements of Anders v. California, 386 
U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the 
records demonstrating why there are no arguable grounds for relief. 
        Once appellant’s court-appointed counsel files a motion to withdraw on 
the ground that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially re-brief the case for appellant to see if there is any arguable 
ground that may be raised on appellant’s behalf. Stafford v. State, 813 S.W.2d 
503, 511 (Tex. Crim. App. 1991). Additionally, this court informed appellant 
that he may file a pro se brief, but he has not done so. 
III. Cause No. 2-03-097-CR 
        As a general rule, a defendant placed on deferred adjudication community 
supervision must raise errors relating to the original plea proceeding in an appeal 
taken when supervision is first imposed, rather than raising them for the first 
time in an appeal following adjudication and sentencing. Manuel v. State, 994 
S.W.2d 658, 661-62 (Tex. Crim. App. 1999). There is a “void judgment” 
exception to Manuel. See Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 
2001). An error or defect at the original guilty plea proceeding that renders the 
subsequent judgment of conviction void may be raised for the first time after 
adjudication and sentencing. Id. at 667-68. A judgment is void only in very rare 
situations. Id. at 668. 
        Our review of the record reveals no error or defect at the original guilty 
plea proceeding that would render void appellant’s conviction for indecency 
with a child. Because appellant was placed on deferred adjudication following 
his plea of guilty pursuant to a plea bargain, he may not appeal any potential 
error occurring before and up to his placement on deferred adjudication 
community supervision. See Manuel, 994 S.W.2d at 661-62. Thus, we do not 
review that portion of the record for error. Appellant may appeal, however,
error that occurred during the punishment phase after he was adjudicated
guilty. See Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). 
        Our review of the record regarding punishment reveals no reversible error, 
and the sentence assessed by the trial court is within the statutorily permissible 
range. See Tex. Penal Code Ann. §§ 12.33, 21.11 (Vernon 2003). Moreover, 
there is no evidence in the record indicating that appellant’s trial counsel did not 
provide constitutionally required effective assistance of counsel during the 
punishment phase. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. 
Ct. 2052, 2064 (1984). 
IV. Cause No. 2-03-098-CR 
        Our review of the record shows that appellant was properly admonished 
in writing regarding the offense charged and his rights and that he voluntarily 
waived his rights and pleaded guilty to the offense without the benefit of a plea 
bargain. Appellant also signed a written judicial confession. Thus, the evidence 
was sufficient to support his conviction. See Dinnery v. State, 592 S.W.2d 
343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh’g). 
        While the information refers to appellant as “Mark Moody” as opposed to 
“Mark Moody Jr.,” the trial court entered an “Order Entering Defendant’s True 
Name Into Minutes of the Court.” Although this order does not constitute an 
amendment to the information, appellant did not object to the potential error in 
the information, which would have preserved a complaint on appeal. See Tex. 
Code Crim. Proc. Ann. art. 1.14(b) (“If the defendant does not object to a 
defect, error, or irregularity of form or substance in an indictment or information 
before the date on which the trial on the merits commences, he waives and 
forfeits the right to object to the defect, error, or irregularity and he may not 
raise the objection on appeal or in any other postconviction proceeding.”). 
There are no jurisdictional defects in the record and no orders on motions
entered against appellant. The sentence assessed is within the statutorily
permissible range. See Tex. Code Crim. Proc. Ann. art. 62.10(b)(2); Tex. Penal 
Code Ann. § 12.34. 
V. Conclusion
        After independently reviewing the records, we agree with appellate 
counsel’s determination that any appeal from these cases would be frivolous. 
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgments.   
                                                          PER CURIAM 
PANEL F:   DAY, J.; CAYCE, C.J.; and WALKER, J. 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 9, 2003