**Lemuil Henry CRAVEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61475.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 12, 1980.

J. Thomas Sullivan, Dallas, for appellant.

Henry Wade, Dist. Atty., Stanley E. Keeton, and G. J. Muller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a revocation of probation. On March 7, 1975, the appellant entered a plea of guilty to burglary of a habitation. The court assessed punishment at five years imprisonment, but suspended the imposition of the sentence and placed the appellant on probation. On December 21, 1978, the court ordered appellant's probation revoked and sentence was imposed.

Appellant urges that his conviction should be reversed because the evidence was insufficient to support the underlying conviction, in that the indictment charged burglary by entering and committing theft and the appellant judicially confessed to the offense of burglary with intent to commit

theft. This identical issue has recently been decided by this Court adversely to appellant's position in *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr.App.1980) (Opinion on Motion for Rehearing). *Dinnery v. State,* supra, also involved an indictment which charged burglary by entering and committing theft and a judicial confession to the offense of burglary with intent to commit theft.

In *Ex Parte Moffett,* 542 S.W.2d 184 (Tex.Cr.App.1976), this Court allowed a collateral attack on an order revoking probation where there was no evidence to support the order. This is not a "no evidence" case, however. The appellant judicially confessed to burglary with intent to commit theft, and he also took the stand and pled guilty to the indictment. See *Dinnery v. State,* supra. In *Dinnery v. State,* supra, we concluded that the defendant's judicial confession, standing alone, was sufficient to support the guilty plea, thereby finding no merit to the defendant's contention that there was no evidence to support the underlying conviction. See also *Traylor v. State,* 561 S.W.2d 492 (Tex.Cr.App.1978).

As this appeal is an impermissible collateral attack on the sufficiency of the evidence to support the underlying conviction, the ground of error is overruled. The judgment is affirmed.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

CLINTON, Judge, dissenting.

Like Judge Roberts, I would grant the motion for rehearing. Unlike him, however, I do not see the panel opinion on original submission as incorrectly applying *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr. App.1980). Rather, what the panel and, by overruling the motion for rehearing, now the Court are doing is extending the *Dinnery* notion of a "judicial confession." Here is the germane testimony, appellant being questioned by his own attorney:

"Q: You are the same Lemuil H. Craven as charged in the Indictment in this cause, is that right?

A: Yes, sir.

Q: Is that a cause that lists an offense on January the 15th, 1975, is that right?

A: Yes, sir.

Q: And you are pleading guilty to that Indictment?

A: Yes, sir."

By calling this brief exchange a "judicial confession" the Court puts its imprimatur on a permit finally to demolish Article 1.15, V.A.C.C.P. To the point are my concluding observations in *Dinnery,* itself:

" . . . We do not effectuate the intent and purpose of Article 1.15, supra, by finding that an oral affirmation of guilt drawn from an accused by his own counsel . . . is sufficient compliance—especially where the oral affirmation is contradictory of a written confession. . . Instead the provisions are emasculated since the State is now relieved of carrying its burden of proof and the trial court of assaying evidence produced by the State. Thus, without any statutorily authorized process the accused is convicted on what is essentially no more than his plea—the very vice the statute was designed to combat!"

*Id.* at 359, n. 14.

To the demise of Article 1.15, supra, and its intended protections, I dissent.

ONION, P. J., joins.

ROBERTS, Judge, dissenting.

The Court overrules the appellant's motion for rehearing without rendering an opinion.

After inspecting the record, I believe that the panel did not correctly apply *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr.App.1980), where we held, "The . . . testimony by the appellant that he had read the indictment and that it was 'true and correct' was tantamount to a statement that all the allegations of the indictment were true and correct and was a judicial confession that he was a guilty participant in the offense charged." *Id.* at 352. In this case there

was no such testimony that the indictment was "true and correct." The appellant's testimony was very much like that which was held to be insufficient in *Drain v. State*, 465 S.W.2d 939 (Tex.Cr.App.1971). *See Dinnery v. State, supra,* at 353, n. 6.

I would grant the appellant's motion for rehearing and reverse.