COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-212-CR
                    
                                                  2-03-213-CR
 
  
ROBERT 
EARL MORGAN                                                        APPELLANT
  
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Robert Earl Morgan appeals his convictions for murder and arson. We will affirm.
        Morgan 
experienced problems paying his rent. Apparently, to alleviate his problems, he 
first set fire to the leasing office at his apartment complex and approximately 
five days later shot and killed his roommate. Morgan called police in the early 
morning hours of February 20, 2002. He reported that an intruder had broken into 
his apartment and shot his roommate. The police responded to Morgan’s call, 
and investigators discovered the murder weapon in Morgan’s clothes hamper. 
Morgan then made a second statement to police. He claimed that he was twirling 
the gun around his finger when it accidentally fired. He said that he staged the 
crime scene by shooting a bullet into the wall, raising the bedroom window, and 
hiding the murder weapon, all to support his original account of the shooting. 
After police arrested Morgan for murder, he confessed to the arson.
        Later 
that evening while in jail, Morgan made a third statement to police. He said 
that he had planned to shoot his roommate all along, but that after he held the 
gun to the head of his sleeping roommate, he could not carry out his plan. The 
gun simply fired as he was trying to put on the safety. A year later, Morgan 
gave a fourth version of the events to the parole officer assigned to prepare 
Morgan’s presentence investigation report. Morgan informed the parole officer 
that he picked up the pistol from his roommate’s night stand while they talked 
about a driver’s license test. When he placed the pistol back on the night 
stand, “it went off,” striking his roommate in the head.
        The 
murder and arson cases were called to trial, and Morgan entered an open plea of 
guilty to both charges. He executed written plea agreements, written waivers of 
rights, and written judicial confessions to both offenses. The trial court 
ordered a presentence investigation report and set a punishment hearing for a 
month later.
        The 
reporter’s record of the plea hearing is not before us, but at the punishment 
hearing the trial court confirmed that he had admonished Morgan at the plea 
hearing and that Morgan understood the charges against him, as well as the 
punishment ranges for each charge. The State then called Ronald Singer, a 
firearms expert, to testify concerning the design of the pistol used in the 
murder. Singer stated that the pistol was in good working order and had a 
trigger pull of 8.2 to 10.7 pounds of pressure. Singer opined that the firearm 
would not discharge unless someone pulled the trigger and explained that it was 
unlikely twirling the gun on a finger would cause the gun to discharge. The 
State also introduced the presentence investigation report without objection.
        Morgan 
testified that he was taking full responsibility for his actions. Morgan 
remembered swinging the pistol on his finger, but did not remember pulling the 
trigger. He admitted that he began making up the story of an intruder before he 
sought medical help for the victim.
        After 
hearing the above testimony, as well as victim impact and character testimony 
from Morgan’s and the victim’s relatives and friends, the trial court 
sentenced Morgan to sixty years’ confinement for murder and twenty years’ 
confinement for arson with each term to run concurrently.
        In 
three points, Morgan contends that (1) the trial court erred by finding him 
guilty because insufficient evidence existed to support his guilty plea in 
violation of article 1.15 of the Texas Code of Criminal Procedure, (2) the trial 
court erred by finding him guilty because, under the Moon doctrine, the 
evidence raised the issue of an accidental shooting, and (3) his guilty plea was 
not freely, voluntarily, or knowingly entered in violation of article 26.13 of 
the Texas Code of Criminal Procedure and state and federal due process of law.
        In 
his third point, Morgan challenges the voluntariness of his guilty plea to the 
murder charges.[2]  See Tex. Code Crim. Proc. Ann. art. 
26.13(b) (Vernon Supp. 2004). Specifically, Morgan argues that the record as a 
whole demonstrates that the shooting was accidental. Morgan points out that to 
be guilty of murder he must have intentionally or knowingly shot the victim. See 
Tex. Penal Code Ann. § 
19.02(b)(1) (Vernon 2003). Thus, Morgan asserts that he did not freely and 
knowingly plead guilty to murder. The State responds that Morgan has failed to 
carry his burden of proving that his plea was involuntary.
        Article 
26.13 of the Texas Code of Criminal Procedure requires a trial judge to give 
certain admonishments before accepting a plea of guilty. Tex. Code Crim. Proc. Ann. art. 
26.13(a). These admonishments may be given either orally or in writing. If they 
are in writing, the trial court must obtain a statement signed by the defendant 
and his attorney indicating the defendant understood the admonitions and was 
aware of the consequences of his plea. Id. art. 26.13(d); Kirk v. 
State, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd). Written 
admonishments signed by the defendant and the reporter's record showing that the 
defendant orally represented to the court that he understood the admonitions 
constitute a prima facie showing that a guilty plea was voluntary. Courtney 
v. State, 39 S.W.3d 732, 736 (Tex. App.—Beaumont 2001, no pet.) (citing Fuentes 
v. State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985)). A defendant bears a 
heavy burden to rebut this prima facie showing of voluntariness by demonstrating 
that he did not fully understand the consequences of his plea or that he was 
misled or harmed by the admonishment. Martinez v. State, 981 S.W.2d 195, 
197 (Tex. Crim. App. 1998). We review the entire record in determining whether a 
plea was knowingly and voluntarily made. Cantu v. State, 988 S.W.2d 481, 
484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).
        In 
this case, the record reflects that Morgan and his counsel signed written 
admonishments complying with article 26.13(a) and indicating that Morgan’s 
plea was voluntary. Morgan orally reaffirmed his understanding of those 
admonishments at the punishment hearing. The trial court confirmed that it had 
properly admonished him concerning the consequences of his guilty plea to the 
offense of murder. Morgan testified at the punishment hearing that he was 
“completely familiar with this offense,” that he “accept[ed] complete and 
total and exclusive responsibility for the acts that [he] pled guilty to,” and 
that he understood that the range of punishment in the murder case is 
“anywhere from five years in the penitentiary or probation, all the way up to 
99 years or life.” Moreover, Morgan testified that he understood his right to 
a trial and that he had waived that right and elected to proceed with a guilty 
plea. Thus, the record reflects Morgan’s receipt of admonishments in 
compliance with article 26.13(a) and a prima facie showing that Morgan’s 
guilty plea was knowingly and voluntarily made. See Curry v. State, 861 
S.W.2d 479, 484 (Tex. App.—Fort Worth 1993, pet. ref’d).
        Morgan 
argues that his testimony that the shooting was accidental rebuts this prima 
facie showing of voluntariness. Reviewing the record as a whole, including the 
trial court’s written and subsequent verbal admonishments to Morgan, 
Morgan’s testimony that the murder was an accident does not satisfy his burden 
of showing that he entered his plea without understanding the consequences and 
that he suffered harm. See Martinez, 981 S.W.2d at 197 (holding defendant 
failed to establish involuntariness of plea even though trial court’s 
admonishment included correct and then incorrect range of punishment). Rather, 
the record as a whole reflects Morgan’s understanding of and desire to waive 
his rights and to plead guilty.[3] We overrule 
Morgan’s third point.
        In 
his first point, Morgan contends that insufficient evidence exists to support 
his plea. See Tex. Code Crim. Proc. Ann. art. 1.15 
(Vernon Supp. 2004). Morgan asserts that his it-was-an-accident testimony makes 
the evidence insufficient to prove the intent element of murder, i.e., an intent 
to cause death. The State responds that Morgan’s written judicial confession 
is sufficient to support his plea of guilty.
        In 
a bench trial, a plea of guilty will not support a felony conviction unless the 
State introduces sufficient evidence to support the plea. Id.; Dinnery 
v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on 
reh'g). The evidence is sufficient under article 1.15 if it embraces every 
essential element of the offense charged and establishes the defendant's guilt. Stone 
v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial confession 
that encompasses the essential elements of the offense will, standing alone, 
discharge the State's burden under article 1.15 because a judicial confession 
needs no corroboration. See, e.g., Craven v. State, 607 S.W.2d 527, 528 
(Tex. Crim. App. [Panel Op.] 1980) (op. on reh’g); Dinnery, 592 S.W.2d 
at 353; Gonzales v. State, 480 S.W.2d 663, 664 (Tex. Crim. App. 1972).
        Here, 
Morgan executed a sworn, written judicial confession at the plea hearing.[4]  The judicial confession indicated that Morgan had 
read the indictment, understood all the matters contained in the indictment, was 
“guilty of each and every act as alleged therein, . . . [and that a]ll the 
facts alleged in the indictment . . . are true and correct.” The indictment 
alleged that Morgan, “on or about the 20th day of February 2002, 
did then and there intentionally or knowingly cause the death of an individual . 
. . by shooting [him] with a deadly weapon, to-wit: a firearm.”
        Morgan’s 
judicial confession, standing alone, is sufficient to support his conviction. See, 
e.g., Craven, 607 S.W.2d at 528; Dinnery, 592 S.W.2d at 353; see 
also Keller v. State, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st 
Dist.] 2003, no pet.) (holding judicial confession that contained statement, 
“I understand the above allegations and I confess that they are true . . .,” 
was sufficient evidence to support judgment under article 1.15); Jones v. 
State, 857 S.W.2d 108, 111 (Tex. App.—Corpus Christi 1993, no pet.) 
(holding appellant’s affirmative answer to trial court’s question—“Do 
you agree and stipulate, under oath, that the charges and allegations in the 
indictment are true and correct?”—constituted judicial confession which 
would alone support judgment). We overrule Morgan’s first point.
        In 
his second point, Morgan contends that because the trial court failed to enter a 
judgment of not guilty based on his testimony that the shooting was accidental, 
as allegedly required by Moon, the trial court erred. Moon v. State, 
572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh'g). The State responds 
that Morgan misapplies Moon.
        A 
trial court is not required to withdraw a guilty plea sua sponte and enter a 
plea of not guilty for a defendant when the defendant enters a plea of guilty 
before the court after waiving a jury, even if evidence is adduced that either 
makes evident the defendant's innocence or reasonably and fairly raises an issue 
as to guilt. Id.; Brown v. State, 11 S.W.3d 360, 362-63 (Tex. 
App.—Houston [1st Dist.] 2000, pet. ref'd). It is the trial court's 
duty to consider the evidence submitted and, as the trier of fact, the court may 
find appellant guilty of a lesser offense or it may find the defendant not 
guilty. Moon, 572 S.W.2d at 682. Therefore, it would serve no valid 
purpose for the court to withdraw the guilty plea and enter a not guilty plea 
when the defendant enters a plea of guilty before the court after waiving a 
jury. Id.
        The 
trial court in the present case thus could, but was not required to, find Morgan 
not guilty, or it could, as it did, find Morgan guilty and assess appropriate 
punishment. See Aldrich v. State, 104 S.W.3d 890, 893-94 (Tex. Crim. App. 
2003) (holding “[i]t is simply incorrect to read Moon as requiring 
anything more than a decision that a guilty-pleading defendant was guilty as he 
pleaded, guilty of a lesser included offense, or not guilty”). Considering 
Morgan’s contradictory statements to police and the parole officer who 
prepared the presentence investigation report, Morgan’s admitted attempts to 
cover up the crime, and the inconsistency of his testimony with the physical 
evidence of the crime, the trial court cannot be said to have erred in accepting 
Morgan’s guilty plea. See Valle, 963 S.W.2d at 909 (holding trial court 
did not abuse its discretion in refusing to withdraw guilty plea). We overrule 
Morgan’s second point.
        Having 
overruled each of Morgan’s three points, we affirm the trial court’s 
judgments.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 8, 2004
 


NOTES
1. 
See Tex. R. App. P. 47.4.
2.  
Morgan also pleaded guilty to the offense of arson, but he does not appear to 
attack the trial court’s verdict or sentence in that cause.
3.  
Because we hold that Morgan’s guilty plea was voluntary, we need not address 
his claims regarding due process of law. See Valle v. State, 963 S.W.2d 
904, 908 (Tex. App.—Texarkana 1998, pet. ref’d) (holding voluntary guilty 
plea entered without plea bargain is conclusive as to defendant’s guilt and 
waives all nonjurisdictional defects, including any claimed deprivation of 
federal due process); see also Black v. State, 26 S.W.3d 895, 901 n.4 
(Tex. Crim. App. 2000) (holding that failing to provide a rationale for 
interpreting the state constitution more broadly than the federal constitution 
will forfeit error on the state ground).
4.  
Although the reporter’s record from the plea hearing is not before us, the 
trial court referenced, i.e., took judicial notice of, the written plea 
admonishments containing the judicial confession at the sentencing hearing.