Rober Earl Morgan v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-03-212-CR

2-03-213-CR

ROBERT EARL MORGAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Earl Morgan appeals his convictions for murder and arson.  We will affirm.

Morgan experienced problems paying his rent.  Apparently, to alleviate his problems, he first set fire to the leasing office at his apartment complex and approximately five days later shot and killed his roommate.  Morgan called police in the early morning hours of February 20, 2002.  He reported that an intruder had broken into his apartment and shot his roommate.  The police responded to Morgan’s call, and investigators discovered the murder weapon in Morgan’s clothes hamper.  Morgan then made a second statement to police. He claimed that he was twirling the gun around his finger when it accidentally fired.  He said that he staged the crime scene by shooting a bullet into the wall, raising the bedroom window, and hiding the murder weapon, all to support his original account of the shooting.  After police arrested Morgan for murder, he confessed to the arson.

Later that evening while in jail, Morgan made a third statement to police.  He said that he had planned to shoot his roommate all along, but that after he held the gun to the head of his sleeping roommate, he could not carry out his plan.  The gun simply fired as he was trying to put on the safety.  A year later, Morgan gave a fourth version of the events to the parole officer assigned to prepare Morgan’s presentence investigation report.  Morgan informed the parole officer that he picked up the pistol from his roommate’s night stand while they talked about a driver’s license test.  When he placed the pistol back on the night stand, “it went off,” striking his roommate in the head.

The murder and arson cases were called to trial, and Morgan entered an open plea of guilty to both charges.  He executed written plea agreements, written waivers of rights, and written judicial confessions to both offenses.  The trial court ordered a presentence investigation report and set a punishment hearing for a month later.

The reporter’s record of the plea hearing is not before us, but at the punishment hearing the trial court confirmed that he had admonished Morgan at the plea hearing and that Morgan understood the charges against him, as well as the punishment ranges for each charge.  The State then called Ronald Singer, a firearms expert, to testify concerning the design of the pistol used in the murder.  Singer stated that the pistol was in good working order and had a trigger pull of 8.2 to 10.7 pounds of pressure.  Singer opined that the firearm would not discharge unless someone pulled the trigger and explained that it was unlikely twirling the gun on a finger would cause the gun to discharge.  The State also introduced the presentence investigation report without objection. Morgan testified that he was taking full responsibility for his actions. Morgan remembered swinging the pistol on his finger, but did not remember pulling the trigger.  He admitted that he began making up the story of an intruder before he sought medical help for the victim.

After hearing the above testimony, as well as victim impact and character testimony from Morgan’s and the victim’s relatives and friends, the trial court sentenced Morgan to sixty years’ confinement for murder and twenty years’ confinement for arson with each term to run concurrently.

In three points, Morgan contends that (1) the trial court erred by finding him guilty because insufficient evidence existed to support his guilty plea in violation of article 1.15 of the Texas Code of Criminal Procedure, (2) the trial court erred by finding him guilty because, under the 
Moon
 doctrine, the evidence raised the issue of an accidental shooting, and (3) his guilty plea was not freely, voluntarily, or knowingly entered in violation of article 26.13 of the Texas Code of Criminal Procedure and state and federal due process of law.
 In his third point, Morgan challenges the voluntariness of his guilty plea to the murder charges.
(footnote: 2)  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(b) (Vernon Supp. 2004).  Specifically, Morgan argues that the record as a whole demonstrates that the shooting was accidental.  Morgan points out that to be guilty of murder he must have intentionally or knowingly shot the victim.  
See
 
Tex. Penal Code Ann.
 § 19.02(b)(1) (Vernon 2003).  Thus, Morgan asserts that he did not freely and knowingly plead guilty to murder.  The State responds that Morgan has failed to carry his burden of proving that his plea was involuntary. Article 26.13 of the Texas Code of Criminal Procedure requires a trial judge to give certain admonishments before accepting a plea of guilty.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a).  These admonishments may be given either orally or in writing.  If they are in writing, the trial court must obtain a statement signed by the defendant and his attorney indicating the defendant understood the admonitions and was aware of the consequences of his plea. 
Id.
 art. 26.13(d); 
Kirk v. State
, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd).  Written admonishments signed by the defendant and the reporter's record showing that the defendant orally represented to the court that he understood the admonitions constitute a prima facie showing that a guilty plea was voluntary.  
Courtney v. State
, 39 S.W.3d 732, 736 (Tex. App.—Beaumont 2001, no pet.) (citing 
Fuentes v. State
, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985)).  A defendant bears a 
heavy burden to rebut this prima facie showing of voluntariness by demonstrating that he did not fully understand the consequences of his plea or that he was misled or harmed by the admonishment.  
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  We review the entire record in determining whether a plea was knowingly and voluntarily made.  
Cantu v. State
, 988 S.W.2d 481, 484 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d). 

In this case, the record reflects that Morgan and his counsel signed written admonishments complying with article 26.13(a) and indicating that Morgan’s plea was voluntary. 
 Morgan orally reaffirmed his understanding of those admonishments at the punishment hearing. 
 The trial court confirmed that it had properly admonished him concerning the consequences of his guilty plea to the offense of murder.  Morgan testified at the punishment hearing that he was “completely familiar with this offense,” that he “accept[ed] complete and total and exclusive responsibility for the acts that [he] pled guilty to,” and that he understood that the range of punishment in the murder case is “anywhere from five years in the penitentiary or probation, all the way up to 99 years or life.”  Moreover, Morgan testified that he understood his right to a trial and that he had waived that right and elected to proceed with a guilty plea.  Thus, the record reflects Morgan’s receipt of admonishments in compliance with article 26.13(a) and a prima facie showing that Morgan’s guilty plea was knowingly and voluntarily made.  
See Curry v. State
, 861 S.W.2d 479, 484 (Tex. App.—Fort Worth 1993, pet. ref’d).

Morgan argues that his testimony that the shooting was accidental rebuts this prima facie showing of voluntariness.  Reviewing the record as a whole, including the trial court’s written and subsequent verbal admonishments to Morgan, Morgan’s testimony that the murder was an accident does not satisfy his burden of showing that he entered his plea without understanding the consequences and that he suffered harm.  
See Martinez
, 981 S.W.2d at 197 (holding defendant failed to establish involuntariness of plea even though trial court’s admonishment included correct and then incorrect range of punishment).  Rather, the record as a whole reflects Morgan’s understanding of and desire to waive his rights and to plead guilty.
(footnote: 3)  We overrule Morgan’s third point.

In his first point, Morgan contends that insufficient evidence exists to support his plea.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2004).  Morgan asserts that his it-was-an-accident testimony makes the evidence insufficient to prove the intent element of murder, i.e., an intent to cause death.  The State responds that Morgan’s written judicial confession is sufficient to support his plea of guilty.

In a bench trial, a plea of guilty will not support a felony conviction unless the State introduces sufficient evidence to support the plea.  
Id
.
; 
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g).
 The evidence is sufficient under article 1.15 if it embraces every essential element of the offense charged and establishes the defendant's guilt.  
Stone v. State
, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).  A judicial confession that encompasses the essential elements of the offense will, standing alone, discharge the State's burden under article 1.15 because a judicial confession needs no corroboration.  
See, e.g., Craven v. State
, 607 S.W.2d 527, 528 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh’g); 
Dinnery
, 592 S.W.2d at 353; 
Gonzales v. State
, 480 S.W.2d 663, 664 (Tex. Crim. App. 1972)
.

Here, Morgan executed a sworn, written judicial confession at the plea hearing.
(footnote: 4)  The judicial confession indicated that Morgan had read the indictment, understood all the matters contained in the indictment, was “guilty of each and every act as alleged therein, . . . [and that a]ll the facts alleged in the indictment . . . are true and correct.”  The indictment alleged that Morgan, “on or about the 20
th
 day of February 2002, did then and there intentionally or knowingly cause the death of an individual . . . by shooting [him] with a deadly weapon, to-wit:  a firearm.”

Morgan’s judicial confession, standing alone, is sufficient to support his conviction.  
See, e.g., Craven
, 607 S.W.2d at 528; 
Dinnery
, 592 S.W.2d at 353
; 
see also Keller v. State
, 125 S.W.3d 600, 605 (Tex. App.—Houston [1
st
 Dist.] 2003, no pet.) (holding judicial confession that contained statement, “I understand the above allegations and I confess that they are true . . .,” was sufficient evidence to support judgment under article 1.15);
 
Jones v. State
, 857 S.W.2d 108, 111 (Tex. App.—Corpus Christi 1993, no pet.) (holding appellant’s affirmative answer to trial court’s question—“Do you agree and stipulate, under oath, that the charges and allegations in the indictment are true and correct?”—constituted judicial confession which would alone support judgment).  We overrule Morgan’s first point.

In his second point, Morgan contends that because the trial court failed to enter a judgment of not guilty based on his testimony that the shooting was accidental, as allegedly required by 
Moon
, the trial court erred.  
Moon v. State
, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh'g).  The State responds that Morgan misapplies 
Moon
.

A trial court is not required to withdraw a guilty plea sua sponte and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that either makes evident the defendant's innocence or reasonably and fairly raises an issue as to guilt.  
Id.
; 
Brown v. State
, 11 S.W.3d 360, 362-63 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref'd).  It is the trial court's duty to consider the evidence submitted and, as the trier of fact, the court may find appellant guilty of a lesser offense or it may find the defendant not guilty. 
Moon
, 572 S.W.2d at 682.  Therefore, it would serve no valid purpose for the court to withdraw the guilty plea and enter a not guilty plea when the defendant enters a plea of guilty before the court after waiving a jury.  
Id.
 The trial court in the present case thus could, but was not required to, find Morgan not guilty, or it could, as it did, find Morgan guilty and assess appropriate punishment.  
See Aldrich v. State
, 104 S.W.3d 890, 893-94 (Tex. Crim. App. 2003) (holding “[i]t is simply incorrect to read 
Moon
 as requiring anything more than a decision that a guilty-pleading defendant was guilty as he pleaded, guilty of a lesser included offense, or not guilty”). Considering Morgan’s contradictory statements to police and the parole officer who prepared the presentence investigation report, Morgan’s admitted attempts to cover up the crime, and the inconsistency of his testimony with the physical evidence of the crime, the trial court cannot be said to have erred in accepting Morgan’s guilty plea.  
See Valle
, 963 S.W.2d at 909 (holding trial court did not abuse its discretion in refusing to withdraw guilty plea).  We overrule Morgan’s second point.

Having overruled each of Morgan’s three points, we affirm the trial court’s judgments.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 8, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Morgan also pleaded guilty to the offense of arson, but he does not appear to attack the trial court’s verdict or sentence in that cause.

3:
Because we hold that Morgan’s guilty plea was voluntary, we need not address his claims regarding due process of law.  
See Valle v. State
, 963 S.W.2d 904, 908 (Tex. App.—Texarkana 1998, pet. ref’d) (holding voluntary guilty plea entered without plea bargain is conclusive as to defendant’s guilt and waives all nonjurisdictional defects, including any claimed deprivation of federal due process); 
see also Black v. State
, 26 S.W.3d 895, 901 n.4 (Tex. Crim. App. 2000) (holding that failing to provide a rationale for interpreting the state constitution more broadly than the federal constitution will forfeit error on the state ground).

4:
Although the reporter’s record from the plea hearing is not before us, the trial court referenced, i.e., took judicial notice of, the written plea admonishments containing the judicial confession at the sentencing hearing.