NUMBER 13-03-436-CR

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                         CORPUS CHRISTI -
EDINBURG

 



 

JOVELL WALLACE,                                                                         Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                    Appellee.

 



 

                              On appeal from the
24th District Court

                                       of Jackson County, Texas.

 



 

                              MEMORANDUM OPINION[1]

 

                      Before Justices Rodriguez, Castillo, and Garza

                           Memorandum Opinion by
Justice Castillo

 








Appellant Jovell
Wallace pleaded guilty without the benefit of a plea bargain to the charge of
delivery of cocaine in a drug-free zone, enhanced.[2]  After an evidentiary hearing on punishment,
the trial court sentenced him to a fifteen-year term in the Texas Department of
Criminal JusticeBInstitutional
Division.  By two issues, Wallace asserts
that the evidence is legally insufficient to sustain the guilty plea and that
the punishment imposed amounts to cruel and unusual punishment.  We affirm.

I.  RELEVANT FACTS

The indictment alleged
that, on or about June 20, 2002, within one thousand feet of a drug-free zone,
Wallace intentionally and knowingly delivered less than one gram of
cocaine.  The indictment contained an
enhancement paragraph alleging that Wallace had previously been convicted of
felony delivery of cocaine on March 30, 1998.








On June 10, 2003,
Wallace executed a sworn plea memorandum (which included an attachment titled,
"Exhibit A," containing admonishments) indicating he was pleading
guilty.[3]  The documents were filed of record on the
same day.  During the plea hearing, the
trial court asked Wallace if he read, understood, and signed the  plea memorandum, and he affirmed he did.  Wallace admitted he signed the document
freely and voluntarily.  He stated he
chose to waive his right to a jury trial, plead guilty without a plea bargain,
and have the court assess punishment.[4]  The trial court made inquiries as to
Wallace's understanding of the rights he was giving up and the voluntariness of
his waivers, and  Wallace acknowledged
that he understood his rights and was waiving them voluntarily.  The trial court then went over the range of
punishment.  See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp.
2004-05).  Wallace admitted he understood
the range of punishment was two to twenty years with a possible fine up to
$10,000.  To the charge of unlawful delivery
of a controlled substance in a drug-free zone, Wallace pleaded guilty, as
follows, in part:

The Court:  Are you pleading guilty because each and
every allegation made in the indictment in this case is true and correct and
you are guilty of the same?

 

[Wallace]:  Yes, sir.

 

The Court:  And, are you pleading guilty today freely, intelligently,
knowingly and voluntarily?

 

[Wallace]:  Yes, sir.

During the same
proceeding, the prosecutor questioned Wallace as follows:

[Prosecutor]:  Mr. Wallace, are you now looking at the
indictment in Cause Number 02-11-6717 in the District Court of Jackson County,
Texas?  Are you looking at the
indictment?

 

[Wallace]:  Yes, sir.

 

[Prosecutor]:  Do you stipulate and agree that all the
matters contained within the indictment are true and correct?

 

[Wallace]:  Yes, sir.

 

[Prosecutor]:  Do you further stipulate and agree that if
the State called their witnesses in they would testify to sufficient facts to
prove your guilt beyond a reasonable doubt as to all those matters contained
within the indictment?








[Wallace]:  Yes, sir.

However, as Wallace
points out in a sub-issue, he was not sworn. 


Even so, the plea
memorandum and written admonishments were given to Wallace, and they were
signed by both Wallace and his trial counsel.[5]  The admonish-ments state that Wallace (1)
understands the admonishments and the consequences of his plea, see id.,
(2) waives his rights under article 1.14 of the Texas Code of Criminal
Procedure;[6]
and (3) agrees to the stipulation of evidence as follows:

(d)  STIPULATION OF EVIDENCE.  Pursuant to Art. 1.15 C.C.P., the defendant
consents in writing, in open court, to waive and does waive the appearance,
confrontation and cross-examination of witnesses.  The defendant further consents to an oral
stipulation of the evidence and testimony and to the introduction of testimony
by affidavits, written statements of witnesses, and any other documentary [end
of sentence]. 

 








(e) WAIVER OF
SELF-INCRIMINATION. . . .  The
defendant waives the right of self-incrimination, understanding that a
defendant cannot be compelled to be a witness nor give evidence against himself
or herself, that a defendant has the right to remain silent, is not required to
make any statement, and that any statement a defendant makes may be used
against him or her.  The defendant agrees
to testify if called as a witness and judicially confesses under oath that each
and every allegation contained in the indictment or information which is not
waived by the State is true and the defendant is guilty of the offense as
charged.  

Without any objection
from Wallace, the trial court accepted his guilty plea after ascertaining that
he pleaded guilty for no other reason than that he was guilty and not because
of any promise made on behalf of the State. 








The trial court convened
a punishment hearing the following day. 
Wallace pleaded true to the enhancement paragraph.[7]  For the State, several law enforcement
officers and jailers testified regarding incidents of Wallace's conduct
throughout his different arrests. 
Judgments were admitted in evidence, reflecting his convictions for
felony delivery of cocaine in a drug-free zone, misdemeanor evading detention,
misdemeanor failure to identify, and misdemeanor failure to identify fugitive
from justice.  Wallace testified on his
own behalf.  He stated, "I know I'm
wrong."  He asked that the trial court
not assess the maximum punishment.  On
cross-examination, Wallace admitted that he (1) pleaded guilty on January 20,
1998, to delivery of cocaine, (2) used cocaine after pleading guilty for
delivery of cocaine, (3)  burglarized a
vehicle on March 14, 1998, and stole a cell phone which he used to conduct drug
deals, (4) used cocaine while awaiting sentencing for delivery of cocaine,
and  (5) had a gun in his possession on
November 17, 2002.  Before pronouncing
sentence, the trial court asked Wallace whether he had anything to say as to
why sentence should not be pronounced against him.  Tex.
Code Crim. Proc. Ann. art. 42.07 (Vernon Supp. 2004‑05).  Wallace stated, "No, Your
Honor."  The trial court imposed a
fifteen-year prison term.

II.  LEGAL SUFFICIENCY

By his first issue,
Wallace asserts that the evidence is legally insufficient to support his guilty
plea under article 1.15 of the Texas Code of Criminal Procedure.[8]  Id. art. 1.15 (Vernon 2005).  The State counters that the evidence is legally
sufficient because Wallace orally confessed to the charged offense, and the
trial court relied on his oral and written stipulations.

A.  Standard of Review 








In a bench trial, a
plea of guilty will not support a felony conviction unless the State introduces
sufficient evidence to support the plea. 
Id;[9]
 Johnson v. State, 722 S.W.2d 417,
422 (Tex. Crim. App. 1986) (en banc); Brewster v. State, 606 S.W.2d 325,
329 (Tex. Crim. App. 1980). The evidence is considered sufficient under article
1.15 if it embraces the essential elements of the offense charged and
establishes the defendant's guilt. 
Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A
judicial confession that encompasses the essential elements of the offense
will, standing alone, discharge the State's burden under article
1.15.  See, e.g., Craven v.
State, 607 S.W.2d 527, 528 (Tex. Crim. App. [Panel Op.] 1980) (en banc); Dinnery
v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (per
curiam) (op. on reh'g). 

B.  Discussion








In a sub-issue in his
first issue, Wallace asserts that his oral statements were unsworn.  He further asserts that the plea memorandum
was neither sworn to nor admitted in evidence and was, thus, ineffective.  However, Wallace signed the plea memorandum
under oath, and by his oath admitted "that each and every allegation
contained in the indictment . . . is true and the defendant is guilty of the
offense as charged."  Wallace's
sworn statement was a judicial confession. 
See Dinnery, 592 S.W.2d at 352. 
A judicial confession, standing alone, is an equally acceptable method
of providing sufficient evidence to sustain a conviction on a guilty plea.  Id. at 353 (stating that a judicial
confession is generally defined as a confession made in a legal
proceeding).  Id.  Moreover, article 1.15 does not require that
the defendant swear to a stipulation of his guilt.  See Jones v. State, 857 S.W.2d
108, 110 (Tex. App.BCorpus Christi 1993,
no pet.).  The plain language of the
article requires that the waiver and consent "be filed in the file of the
papers of the cause."  Id.
 Here, the sworn document containing
Wallace's waiver and consent was filed with the clerk of the court and is part
of the appellate record in compliance with article 1.15.  Further, the trial court treated the written
stipulation and judicial confession as though it was formally admitted in
evidence.  Wallace did not object.  Thus, both the waiver and confession may be
considered in support of the judgment as if they had been formally admitted.[10]  See Killion v. State, 503 S.W.2d 765,
766 (Tex. Crim. App. 1973); Kissinger v. State, 501 S.W.2d 78, 79 (Tex.
Crim. App. 1973). 

C.  Disposition

Wallace asserts that
the State offered no evidence to support his guilt.  However, he concedes that in reviewing the
sufficiency of stipulated evidence to support the trial court's finding of
guilt, we view stipulations as if they were actual witness testimony.  Robinson v. State, 739 S.W.2d 795,
799-800 (Tex. Crim. App. 1987) (en banc) (per curiam).  The indictment alleged Wallace delivered
cocaine in a drug-free zone.  The sworn
stipulations involved his admission that each allegation in the indictment was
true and correct and that the State's witnesses would testify as to all matters
contained in the indictment beyond a reasonable doubt.  In the sworn court document, Wallace
consented to the process by which evidence supporting his guilty plea was
established.[11]  








We conclude that
Wallace judicially admitted his guilt. 
The stipulated testimony of the witnesses embraced every essential
element of the offense charged and manifests Wallace's guilt.  See Brewster, 606 S.W.2d at
329.  Thus, Wallace's judicial
confession, standing alone, provides sufficient evidence to support the trial
court's judgment and satisfies the requirements of article 1.15.  Dinnery, 592 S.W.2d at 353.  Viewed in the appropriate light, we conclude
the evidence was legally sufficient to sustain the finding of guilt and
satisfies the requirements of article 1.15. 
See Lord v. State, 63 S.W.3d 87, 92 (Tex. App.BCorpus Christi 2001,
no pet.) (citing Dinnery, 592 S.W.2d at 353); Williams v. State,
483 S.W.2d 460, 461 (Tex. Crim. App. 1972). 
We overrule Wallace's first issue.

III.  CRUEL AND UNUSUAL PUNISHMENT

By his second issue,
Wallace asserts that the sentence imposed constitutes cruel and unusual
punishment.[12]  He concedes that the sentence imposed is
within the applicable range of punishment. 
The State counters that Wallace forfeited error and, alternatively, the
sentence was neither disproportionate nor illegal.








A sentence outside the
maximum or minimum range of punishment is unauthorized by law and
therefore  illegal on its face.  Mizell v. State, 119 S.W.3d 804, 806
(Tex. Crim. App. 2003).  Unlike most
trial errors, which are forfeited if not timely asserted, a party is not
required to make a contemporaneous objection to the imposition of an illegal
sentence.  Mizell, 119 S.W.3d at
806 n.6.  Here, however, the sentence
assessed by the trial court was within the statutorily permissible range.[13]  We find no reversible error in the sentence
imposed.

Further, with respect
to any allegation that the sentence was disproportionate,  Wallace did not object at sentencing on the
cruel‑and‑unusual or disproportionate-to-the-offense grounds he
raises on appeal.  "Our law is well‑established
that almost every right, constitutional and statutory, may be waived by the
failure to object."  Quintana v.
State, 777 S.W.2d 474, 479 (Tex. App.BCorpus Christi 1989,
pet. ref'd).  We conclude that Wallace
forfeited at trial his challenges on appeal to the sentence imposed.  Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996) (en banc).  We
overrule his second issue.

IV.  CONCLUSION

Having overruled both
issues, we affirm the trial court judgment.

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

 

Memorandum Opinion delivered and filed

this 28th day of July, 2005.  

 

 

 








 

 











[1] See Tex. R. App. P. 47.2, 47.4. 






[2] See Tex.
Health & Safety Code Ann. '' 481.112(b), 481.134(5) (Vernon
2003 & Supp. 2004-05).  





[3] See Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989). 





[4] Included in the plea memorandum
was a statement that the plea was being entered freely and voluntarily, and
that appellant was totally satisfied with the representation provided by his
counsel.  





[5] In the absence of evidence to the
contrary, we presume the regularity of the trial court's judgment and records. Jones
v. State, 77 S.W.3d 819, 821 (Tex. Crim. App. 2002).  The plea memorandum states: 

 

On this day the defendant in the
above‑captioned cause appeared before me, the undersigned clerk, and
after being duly sworn stated under oath: "I am the defendant in this
cause.  I have read this PLEA MEMORANDUM,
including the Exhibit A, understand all the information in it, am waiving the
rights as stated in it, and swear that all the allegations of fact contained in
it are true and correct."  

 

Wallace signed the form.  Underneath his signature is a jurat
indicating that Wallace subscribed and swore to the statements in the
document.  It was also signed by the
district clerk, signed and agreed to by both the prosecutor and defense
counsel, and approved and signed by the trial court.  





[6] 
Tex. Code Crim. Proc. Ann.
art. 1.14 (Vernon 2005).  





[7] Wallace's plea of true relieved
the State of its burden to prove the enhancement allegations. See Harvey v.
State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981) (en banc) (op. on reh'g).





[8] A non‑bargaining defendant
pleading guilty may be able to appeal an error not raised on a written pre‑trial
motion, if it is otherwise preserved and survives Young v. State, 8
S.W.3d 656 (Tex. Crim. App. 2000) (en banc). 
An open plea of guilty "forfeits the right to appeal a claim of
error only when the judgment of guilt was rendered independent of, and is not
supported by, the error."  Young,
8 S.W.3d at 667.   We conclude that
Wallace's first issue is one in which "the judgment would not be
supported" absent the error.  Id.  Moreover, the Court of Criminal Appeals has
stated in the past that "an appellate court must always address challenges
to the [legal] sufficiency of the evidence."  Rankin v. State, 46 S.W.3d 899, 901 (Tex.
Crim. App. 2001) (citing McFarland v. State, 930 S.W.2d 99, 100 (Tex.
Crim. App. 1996) (op. on reh'g); Garza v. State, 715 S.W.2d 642 (Tex.
Crim. App. 1986) (en banc)).  A claim
regarding sufficiency of the evidence need not be preserved for review at the
trial level and is not waived by the failure to do so.  Id. (citing Proctor v. State, 967
S.W.2d 840, 842 (Tex. Crim. App. 1998) (en banc); Lemell v. State, 915
S.W.2d 486, 490 (Tex. Crim. App. 1995) (en banc)).





[9] Article 1.15 states:  "The evidence may be stipulated if the
defendant . . . consents in writing, in open court, to waive the appearance,
confrontation, and cross‑examination of witnesses, and further consents
either to an oral stipulation of the evidence and testimony or to the
introduction of testimony by affidavits, written statements of witnesses, and
any other documentary evidence in support of the judgment of the court."  Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).  





[10] "[N]othing in the record
suggests that [Appellant's] judicial confession was admitted into evidence, and
we do not presume that it was.  On the
other hand, we also do not presume that it was not."  See McDougal v. State, 105 S.W.3d 119, 121
(Tex. App.BFort Worth 2003, no pet.). 





[11] That procedure, when properly
founded in compliance with article 1.15, 
provides evidence supporting a resultant conviction.  See Brewster v. State, 606 S.W.2d 325,
329 (Tex. Crim. App. 1980).  Wallace also
personally confirmed to the trial court that he made the verified stipulation
bearing his signature.  Id. 





[12] As grounds, Wallace asserts the
evidence does not show the offense occurred in a drug-free zone, loss of life,
serious injury, or monetary loss. 
Wallace further asserts that he has matured.  





[13] See Tex.
Health & Safety Code Ann. '' 481.112(b), 481.134(d)(1) (Vernon
2003 & Supp. 2004-05); Tex. Pen.
Code Ann. _ 12.42(a)(3) (Vernon Supp.
2004-05).