NO. 07-05-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 18, 2006
_____

DENNIS WAYNE OVERTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. 9478; HON. RALPH H. WALTON, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Dennis Wayne Overton (appellant) appeals his conviction for aggravated sexual assault of a child. Via three issues, he challenges the sufficiency of the evidence to support his conviction and the effectiveness of his trial counsel. We overrule each and affirm the judgment.

*Issues One and Two – Sufficiency of the Evidence*

Appellant questions the legal and factual sufficiency of the evidence supporting his conviction through his first two issues. He posits that the live testimony received by the trial court was not enough to establish his guilt. Yet, in addition to that testimony, the trial court

also had before it appellant's plea of guilty as well as his judicial confession. And, through the latter he admitted that he read the indictment and "committed each and every allegation it contains . . . ."

A judicial confession admitting the veracity of the allegations in an indictment suffices to establish guilt. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g) (holding that a judicial confession alone is sufficient to support a guilty plea). Furthermore, appellant says nothing of his judicial confession in proffering his argument to us. This omission is rather interesting since the trial court expressly admonished him that the confession alone would suffice to prove guilt, and appellant responded that he understood the admonition. Given the written judicial confession executed by appellant, we reject his first two issues.

*Issue Three – Effectiveness of Counsel*

In his last issue, appellant contends that his trial counsel was ineffective. This is so because 1) counsel purportedly failed to fully disclose and explain the factual evidence against him and 2) his plea was involuntary. Regarding the former, appellant cites us to no evidence of record supporting the allegation. Instead, the passage to which he does cite discloses that he and his trial attorney spoke at length regarding his plea of guilty and the concomitant loss of rights. Furthermore, our own review of the record failed to uncover evidence of the purported deficiency. Thus, the burden imposed on appellant by such cases as *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) has not been satisfied with regard to this allegation.

Concerning the other ground, the record indicates that the trial court appointed a psychologist to assist appellant in the preparation, evaluation, and presentation of a

2

defense. However, evidence of the expert's findings was not presented to the trial court. This evinced unreasonable conduct on the part of trial counsel, according to appellant, because the latter supposedly "was confused about the consequences of his plea." Yet, since there was no motion for new trial filed, appellant presented us with nothing that suggests the expert would have testified favorably. Nor does the record illustrate why trial counsel opted not to present the findings of the expert, assuming the expert even met with appellant or his counsel and developed findings.

As for the evidence of confusion, appellant cites us to a passage wherein 1) he represented that no one induced his plea through promises and that he was guilty, and 2) his counsel explained how appellant's "mind ha[d] been fixed on this guilty plea." Yet, nowhere in that exchange does there appear evidence of "confusion," mental or otherwise, necessitating any type of hearing on appellant's ability to understand his conduct or the consequences of his plea. Instead, it suggests that appellant and his counsel discussed appellant's dilemma at length. This, coupled with the trial court's admonitions to appellant about the effect of his plea, obligates us to again conclude that appellant failed to carry the burden imposed by *Bone*.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.