In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-355 CR


____________________



TIMOTHY RAY PHILMON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 91112






MEMORANDUM OPINION


 Appellant Timothy Ray Philmon pled guilty to aggravated assault. The trial court
found the evidence sufficient to support Philmon's guilt, but deferred further proceedings,
placed Philmon on community supervision for five years, assessed a $1,000 fine, and ordered
Philmon to serve one hundred and eighty days of up front time. On November 30, 2005, the
State filed a motion to revoke Philmon's unadjudicated community supervision. Philmon
pled "true" to two allegations that he violated the terms of the community supervision order. 
The trial court found that Philmon violated the terms of the community supervision order, 
revoked Philmon's community supervision, found Philmon guilty of aggravated assault, and
assessed punishment at nine years of confinement.

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Philmon filed pro se briefs, in which he
argues (1) that the trial court abused its discretion in revoking his community supervision
because the State failed to meet its burden of proof, and (2) that the trial court abused its
discretion in denying his motion for new trial and in arrest of judgment because the verdict
was contrary to the law and the evidence.

 Philmon's contention that the State failed to meet its burden of proof at the revocation
hearing relates to the trial court's decision to adjudicate his guilt. Therefore, we lack
jurisdiction over it on direct appeal. See Hogans v. State, 176 S.W.3d 829, 832-34 (Tex.
Crim. App. 2005); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006). 
Accordingly, this issue is not an arguable one.

 When Philmon pled guilty to aggravated assault, he signed plea papers containing a
judicial confession of his guilt of the charged offense. Furthermore, as discussed above,
Philmon pled "true" to two allegations contained in the State's motion to revoke his
unadjudicated community supervision. Therefore, Philmon's issue asserting that the trial
court erred in denying his motion for new trial is not arguable. See id.; Dinnery v. State, 592
S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g) ("It is well settled that a judicial
confession, standing alone, is sufficient to sustain a conviction upon a guilty plea[.]").

 We have reviewed the clerk's record and the reporter's record, and we find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment. (1)

 AFFIRMED.

 

 STEVE McKEITHEN

 Chief Justice



Submitted on May 22, 2007

Opinion Delivered June 6, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.